THE CONSOLIDATED KANSAS CITY SMELTING AND RE-
FINING COMPANY v. C. S. ALLEN.

No. 12,068. (67 Pac. 436.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES— *Evidence of Negligence Insufficient.* In an action to recover damages for personal injuries sustained by the falling of a bar of lead, where the only negligence relied on is that the stack out of which the bar fell was carelessly or negligently built, a demurrer to the evidence should be sustained, where there is no testimony tending to show that the stack was carelessly or negligently built, or that it fell because it was improperly built.

Error from Wyandotte district court ; E. L. FISCHER, judge. Opinion filed January 11, 1902. Reversed.

*Harkless, O'Grady & Crysler*, and *Moore & Berger*. for plaintiff in error.

*Trickett & Dail*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The defendant in error, C. S. Allen, sued the Consolidated Kansas City Smelting and Refining Company, plaintiff in error, in the district court of Wyandotte county, to recover damages for personal injuries alleged to have been sustained by reason of the latter's negligence.

When the plaintiff below concluded his evidence the defendant demurred thereto, and the demurrer was overruled. On the trial judgment was rendered for plaintiff. The material allegations of the petition are that on the 24th day of March, 1900, the plaintiff was working for defendant as a common laborer in the refining department, under the direction of Michael Stark; that while in line of duty, loading lead from a stack or pile, one of the bars fell out of the stack upon his foot, seriously injuring it; that the injury was sustained without any fault on his part and solely by reason of the careless and negligent manner in which the stack from which he was removing the lead had been built. It is also alleged that the defendant below was negligent in not warning or notifying plaintiff below of the danger of said bar's falling upon him.

Before the plaintiff below can recover under the allegations of his petition, he must, at least, introduce some evidence tending to prove that the stack of lead out of which the bar injuring him fell was so negligently and carelessly built that it was dangerous for workmen unfamiliar with the stacks to be about, and that the bar which caused his injury fell from the stack

because of the negligent manner in which it was built, and not from some other cause.

It appears that the defendant in error had worked for plaintiff in error for some length of time in what is known as the bullion room, where he had stacked bullion in the same general way that it was stacked in the refining room. These pigs or bars are about eighteen inches in length and weigh about eighty-five pounds. He testified that in the bullion room he was taught to build stacks by laying the bars in tiers of five one way and tiers of five crosswise, alternating them, and when thus built the bars would not fall out; that after having worked in the bullion room for some time he was absent about two weeks, and upon returning was put to work in the refining room, where stacks of pure lead of similar size were built in a similar manner to those in the bullion room, and instructed to take down one of these stacks and truck the lead away to a car; that there were also two other trucks being operated in removing the lead at the same time, one of which was loaded from the stack at which he worked; that one truck load, consisting of fifteen bars, had been taken from it; that he then moved his truck to the stack and began to load the bars, and after he had gotten ten or twelve on the truck, a bar two and one-half or three feet from the floor fell out of this stack upon his foot, crushing it. He testified that it fell because of the negligent manner in which the stack was built.

He testified that the bars he took off were properly stacked; that he did not observe anything wrong with the manner in which the stack was built; that so far as he could tell it was properly built, and there was nothing to indicate that it was not safe or built as it should have been; that a loaded truck would stand

about two and one-half or three feet high.   In answer .to the following questions he said ·

"Ques. You did not then know, and do not now, but what this pile by which you say you were injured was properly piled, so far as your knowledge goes? Ans. I do not; I did not look at it at all.

"Q. And don't know?   A. Yes, sir; I do know, because the pig fell out of· it.

"Q. Is that the reason why, simply because it fell out?   A. It might have been put up all right, but it might have been knocked around by somebody running against it.

"Q. And leaning against it?   A. They might have run a truck against it, or it might have been rocked out, or something of that kind, but I did n't know but what the lead was right and safe.

"Q. Was there any of them that you took off that was laid wrong?   A. There were not.   Those I took off were laid right.

"Q. They were stacked all right, so far as you know?   A. No, sir.

"Q. Well, which one was n't?   A. The one that fell on my foot.

"Q. How do you know it?   A. Simply if it had been stacked right it would not have fallen out."

Frank Richardson, testifying for the plaintiff, said that he had not been in the refining room for two years prior to the accident.   He was asked if there was any way whereby those stacks could be built so that it would be impossible for one of the bars to fall out.   To this he replied that by turning every other one bottom side up, it would take more than the power of a common man to knock them out.   He also testified that he knew nothing about the manner in which the stack was built out of which the bar fell that hurt Allen; that it might have been built as he said it should have been, so far as he knew.

Steve Madison, also testifying for the plaintiff, said

that sometimes these bars are laid one way and some-
times another; that during the six years he had
worked there he had known pigs of lead to fall out
from the sides of the stacks—lots of them; that it hap-
pened daily; that sometimes a loaded truck knocked
them out, and then a fellow being careless might
run against the corners and knock them out; some-
times carelessness in stacking, and sometimes putting
in a pot might jar them out; it might occur from
some fellow's striking the pile with a truck and loos-
ening a piece; they did that sometimes. He was
then asked if it was possible to avoid that at all, and
he answered no. He said that there was no fixed way
of building these stacks; that they just piled them up
so they were straight. He said he was at the pile out
of which the bar injuring plaintiff fell, and had taken
a load off from it just before the accident, and did not
notice anything wrong with it in any way; that it was
stacked in the usual way, so far as he could see.

Tom Curtley, another witness for plaintiff, testified
upon this question, that in stacking lead he put five
in a row—just so there were five in a row and five
on top of them. When asked if he knew what caused
them to fall out at times, he answered that it was
from not being stacked right, and that it did not
make any difference how they were stacked—whether
they were laid right or wrong side up.

It will be observed that the only two witnesses who
testified to having seen this stack, or to its condition,
were the plaintiff and Steve Madison, and neither
had noticed anything wrong with the manner in
which it was built. They both explained how these
bars might have been knocked loose and fallen out
from causes other than careless stacking. It is true
the plaintiff testified that the stack was improperly

Armstrong v. Coyne.

built or this pig would not have fallen out, but this is only a conclusion. We have not overlooked the testimony tending to show that for years it had been a daily occurrence for bars to fall out of stacks of lead ; but this, together with the fact that a bar did fall out of this stack, does not disprove the positive testimony of the witnesses who saw this stack, that, so far as they could discover, it was properly built, and explained that the bar which fell might have been knocked loose in various ways.

As has been said, under the allegations of the petition, before the plaintiff below can recover he must offer some evidence that the bar fell upon him because the stack was negligently and carelessly built. Upon this question there is an entire lack of evidence. No witness testified to this fact, or to facts from which this condition might reasonably be inferred. It follows, therefore, that the demurrer to the evidence should have been sustained by the court below.

The judgment is reversed and the cause remanded.

DOSTER, C. J., JOHNSTON, SMITH, JJ., concurring.