Lane v. Railway Co.

## DORA A. LANE v. THE MISSOURI PACIFIC RAILWAY COMPANY.

### No. 12,314.   ( 68 Pac. 626.)

#### SYLLABUS BY THE COURT.

1. RAILROADS — *Injury to Employee — Defective  Switch — Burden of Proof.*  In an action against a railroad company for the recovery of damages for injuries to an employee occasioned by the alleged faulty construction of a split switch, the plaintiff must show, in order to warrant a recovery, not only the way in which the switch was constructed, but that such construction was not of a proper and approved kind, or, if of a proper and generally approved kind, that the one complained of was of improper and faulty construction.

2. ——— *No Presumption of Negligence.*  In order that a plaintiff may recover in such action, he must show negligence on the part of the company, and, in the absence of a statute making it so, the fact of the occurrence of the injury raises no presumption of such negligence.

Error from Brown district court; WM. I. STUART, judge.   Opinion filed April 5, 1902.   Affirmed.

*W. D. Webb*, and *John F. Kerrigan*, for plaintiff in in error.

*Waggener, Horton & Orr*, and *S. L. Ryan*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : Plaintiff in error brought her action to recover damages for the death of her husband, caused, as she alleged, by the negligence of the defendant.   The particular negligence set out was that the company, in constructing a certain split switch in use in its yards at Hiawatha, failed to "block it"; that is, insert between the movable rail of the switch and the stationary rail a block of wood, and also that

the angle-bars, or fish-plates, which connected the movable rail with the stationary rail, were affixed by putting the bolts through so that the threaded ends and nuts thereon were in the spaces between the movable rail and the main rail and extended for a distance of one-half to three-fourths of an inch, the whole forming an unprotected "V-shaped" space with these tooth-like projections. Plaintiff's husband had been an employee of the railway company for some six weeks as a switchman in the yards at Hiawatha, and, while in the performance of his duties as such switchman, his foot became fastened in this switch and he was unable to extricate himself, so that he was run over by an engine and injured, from which injury he died. After plaintiff had rested her case, defendant's demurrer to the evidence was sustained and judgment went against her for the costs. Her motion for a new trial was overruled and she brings her action to this court.

In the language of the plaintiff, the main question in this case is, "Was the demurrer of the defendant in error to the evidence properly sustained?" The duty of a railway company to its employees is not that of an insurer of the absolute safety of its appliances. Its duty in this respect is discharged when it exercises ordinary care to make and keep working appliances and places reasonably safe for use. At the best the employment is a dangerous one, and the safety of the employees depends, perhaps, more largely upon their own care and caution than upon the furnishing of perfect appliances on the part of the employer; at least, it is well settled that an employee seeking to recover must prove actionable negligence on the part of the employer. This negligence cannot be left to the jury to assume; it must appear by the evidence. In

the absence of a statute to that effect, there is no presumption of negligence arising out of the fact of the occurrence of the accident.  We have examined the evidence in this case and are unable to discover the proof, which would warrant the jury in finding actionable negligence therefrom.

The actual character of the construction of this switch fully appears, but that such construction tends in any way to prove negligence on the part of the defendant we are unable to see.  No attempt was made to show that the use of a split switch was dangerous, or considered by any one posted in such matters to be so.  On the contrary, it appeared from the evidence that such switches were to be preferred to others of less approved pattern and kind.  No evidence was offered tending to show that a block inserted, as plaintiff claimed there should have been, would have permitted the free use of the switch, or that by its insertion its use would have been made safer.  No evidence was offered or introduced tending to show that unblocked switches of this kind were inherently unsafe or dangerous, or that by blocking them they would have been made less dangerous to the employees.  No effort was made to show that this method of construction was not the most approved one and in general use by the railroads of the country.  The same is true in regard to the manner in which the bolts passing through the angle-bar and switches were inserted.  So far as the jury were informed, the entire method of the construction of these switches may have been in the highest degree proper and of most approved kind.  As we have said, the burden of showing otherwise rests upon the plaintiff.  The evidence was not sufficient to warrant the jury in finding that the manner in which this switch was constructed was *per se* negligent.  Many

reasons appear why its manner of construction was not faulty; at least, it devolved upon the plaintiff to show that its construction was faulty. There was no presumption arising in her favor in this respect.

Mr. Thompson, in his work on Negligence, volume 2, page 1053, section 48, says: "In an action by an employee against his employer for injuries sustained by the former in the course of his employment, from defective appliances, the presumption is that the appliances were not defective." To the same effect, in *A. T. & S. F. Rld. Co.* v. *Wagner*, 33 Kan. 660, 7 Pac. 204, it was held, in an action like the one at bar:

"It will be presumed, in the absence of anything to the contrary, that the railroad company performs its duty in such cases, and the burden of proving otherwise will rest upon the party asserting that the railroad company has not performed its duty.

"And where an employee seeks to recover damages for injuries resulting from the insufficiency of any of the machinery or instrumentalities furnished by the railroad company, it will not only devolve upon such employee to prove such insufficiency, but it will also devolve upon him to show either that the railroad company had notice of the defects, imperfections or insufficiencies complained of, or that by the exercise of reasonable and ordinary care and diligence it might have obtained such notice."

In *M. P. R. R. Co.* v. *Lewis*, 24 Neb. 848, 40 N. W. 401, 2 L. R. A. 67, the law touching this matter is announced in the fourth and fifth sections of the syllabus as follows:

"The construction and operating of a railroad without blocking its frogs and switches is not negligence *per se* of which a court will take judicial action, upon proof of the fact of such construction and operating and failure to block the frogs and switches only.

"In an action by an administratrix against a railroad company for damages for the death of her hus-

Lane v. Railway Co.

band, where it was alleged in the petition that in constructing its line of railroad the defendant negligently failed to block its switches and frogs, by means of which the deceased, a brakeman employed by defendant, in coupling cars, stepped his foot between the rails of the switch and became fastened there, by reason of which he was run over by the cars and killed, *held*, that the plaintiff could not recover without the evidence of practical men that unprotected frogs and switches are inherently unsafe and dangerous when prudently and carefully worked and managed, and that blocking them materially lessens the danger of their use and management, and that such was generally recognized by those engaged in the construction and operating of railroads in the country or vicinity by the adoption and use of such improvement, or of evidence equivalent."

In Elliott on Railroads, section 1272, it is said: "It is generally held that the operation of a railroad without blocking the switches is not negligence," and a large number of cases in support of the proposition are cited.

Plaintiff in error urges that a number of errors were committed in the admission and rejection of evidence. We have given these claims careful consideration and find no reversible error.   No good would be served by commenting at length thereon.

The judgment of the court below will be affirmed.

JOHNSTON, POLLOCK, JJ., concurring.