No. 19,366.

W. F. WILLIS, *Appellee*, v. CLARENCE D. SKINNER and HARRY GAYHART, PARTNERS, ETC., *Appellants*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Unloading Marble Slabs from Wagon—No Negligence of Defendants Shown*. Plaintiff was assisting in unloading heavy marble slabs from a wagon. His duties required him to stand in the wagon and assist another workman there in holding and guiding the slabs while other workmen, who stood upon the ground, pulled the slabs out and carried them away. When four or five of the slabs were still in the wagon standing on edge and leaning against one side of the wagon box, the foreman said to the plaintiff: "When you pull the next one out, raise it up and put this piece under it so it won't scratch on that iron." The plaintiff undertook to obey the order without the assistance of the other workman in the wagon, and without informing the latter that he was going to lift the slabs, and while thus engaged the slabs fell upon and injured him. It is held that a special finding that one man was not able to hold the slabs in position while the plaintiff obeyed the order is in conflict with the undisputed facts, and that it was not negligence for defendants to give the plaintiff the order.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 6, 1915. Reversed.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellants.

*D. H. Branaman,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendants appeal from a judgment in plaintiff's favor for personal injuries caused by their alleged negligence.

The plaintiff was in the employ of the transfer company and was directed by them to assist in unloading from one of their wagons a number of marble slabs in front of a building in process of erection. This is the second time the case has been before this court; the first time it was reversed on account of inconsistent special findings. (*Willis v. Skinner,* 89 Kan. 145, 130 Pac. 673.)

The plaintiff was directed by the foreman to get into the wagon and assist another man to put out the marble slabs to other men, who carried them into the building. The petition alleged that the injuries were caused wholly by the negligence of the defendants in failing to provide him with a reasonably safe place to work, and by their failure to keep in the wagon a sufficient force of men to handle the marble, and by ordering the plaintiff to place something under the end of one of the slabs about to be removed, and that while he was in the act of doing this, several of the pieces of marble fell upon him and seriously injured him.

Upon the second trial the plaintiff testified that when he first reached the wagon there were several men at work unloading the slabs; that two men, Jennings and Clark, were in the wagon adjusting the slabs so that the men on the ground could get hold of them and pull them out; that after he had assisted in carrying one or two of the slabs into the building, he was directed by Gayhart, the foreman, to get into the wagon and assist in getting the slabs out, and that he took Clark's place in the wagon; that there were four or

five of the slabs standing on edge leaning against one
side of the wagon box; that when he assisted in push-
ing out the first one, Gayhart, the foreman, complained
that he had allowed one of them to scrape over the
iron edge of the box, and a piece of the marble was
broken off, and that Gayhart gave him a piece of stick
and said:

. "When you pull the next one out, raise it up and put
this piece under it so it won't scratch on that iron."

The other men had gone into the building with a slab
when he told him this; that he pulled one of the slabs
out about four inches and picked it up and tried to put
the stick under, and that while engaged in doing this
the slabs fell over upon him and injured him. He tes-
tified that Gayhart was not there at the time the slabs
fell over; that Jennings was standing at the rear end
of the slabs, and that it was Jennings' duty to push the
slabs out while he guided them, and that he did not
know what Jennings was doing; that he did not look
around to see, and that he did not speak to Jennings
and inform him that he was going to lift the slabs.
Jennings testified that he was not holding the slabs at
the time the accident occurred, and from all the evi-
dence he did not know that the plaintiff was going to
lift them. The plaintiff testified that it did not occur
to him to wait until the other eight or ten men came out
of the building to help him before lifting the slab. He
was asked if there was any occasion to put the piece
under the slab to keep it from scraping until the others
came to take it out of the wagon. His answer was:
"I don't know about that." It appears from the evi-
dence that the slabs stood in the wagon about six
inches from the end where they were to be taken out,
and that they rested on cross-sticks which raised them
slightly above the bed.

The court overruled a demurrer to the plaintiff's
evidence and denied a motion for judgment on the
special findings and for a new trial.

The jury found that the defendants' negligence consisted in "instructing the plaintiff to place a stick of wood under the slab, leaving one man to hold up the other slabs." They found that the plaintiff did not notify Jennings that he was about to put a piece of wood under the slabs or call upon him to assist in so doing.

The court correctly charged the jury that no negligence was to be presumed from the mere fact that the slabs fell. (*Mo. P. Rly. Co. v. Haley, Adm'r, &c.,* 25 Kan. 35; *Smelting Co. v. Allen,* 64 Kan. 70, 67 Pac. 436; *Lane v. Railway Co.,* 64 Kan. 755, 68 Pac. 626; *Byland v. Powder Co.,* 93 Kan. 288, 295, 144 Pac. 251.)

The burden rested upon the plaintiff to show that the defendants were guilty of some negligence. In our opinion the judgment can not be sustained. Finding No. 7, that there was anything to prevent Jennings from holding the slabs, and finding No. 9, that he could not by the exercise of ordinary diligence have prevented them from falling, are not only in direct conflict with the testimony offered by the plaintiff, but are contrary to the undisputed physical facts. The plaintiff says that he could have held the slabs in position if he had nothing else to do. Jennings himself testified that he had no difficulty in holding them. Counsel attempt to explain these special findings by the statement that:

"The attention and energies of Jennings were required in the work of pushing the slab endwise out of the wagon. His work was of such a nature that it was impossible for him to have given much time or effort to supporting the slabs. The most strenuous and important part of his work was to push the slabs endwise out of the wagon. To do this it was necessary for him to get to the end of the slab, and use all his force to push it out. Since all his strength was required to push the slab endwise, it would not be possible for him, at the same time, to keep all the slabs from falling sidewise. In view of these conditions, and the evidence produced at the trial upon this point, it is not strange that the

jury found that he could not have prevented the slabs from falling, even though he had exercised ordinary care."

But Jennings was not strenuously engaged at that time in doing anything. The other men had not returned from the building, and there was no occasion to move any slabs until they came. He was apparently standing in the wagon doing nothing, waiting until the other workmen returned. Moreover, Gayhart had not directed the plaintiff to raise the piece at once, but, as plaintiff testified, Gayhart's order was: "When you pull the next one out, raise it up and put this piece under it so it won't scratch on that iron."

Plaintiff contends that Gayhart was guilty not only of negligence, but gross negligence, in giving the order. We fail to see how the giving of such a simple order can be regarded as negligence of any character. The slabs were leaning against the sides of the wagon within six inches of the end of the wagon bed; they were resting upon crosspieces, and all that was necessary to prevent the next slab from chipping upon the iron strip was to place the stick near the end of the wagon bed, and when the other workmen returned, slide the slab over it. If plaintiff intended to raise the slab and at the same time place the piece under it, he should have told Jennings and had Jennings hold up the slab while he was so employed. It required no special experience for him to know that the slabs would fall if they were not supported in some manner. In the brief counsel say that he was a farmer, who, though in the employ of defendants for a year, had worked for the most part at assisting in unloading grain from cars, and that he had never before assisted in unloading marble slabs. He had, however, assisted in carrying into the building some of the slabs and he knew their weight. The fact that they were marble instead of iron or some other heavy material can furnish no excuse for his not

40—94 Kan.

knowing what every man knows of the laws of gravitation. The argument that because the plaintiff was a farmer he was not expected to know anything, does not appeal to men who have had experience at farm work. If a farmer were to give the same kind of directions to a hired man assisting another person in the unloading of a wagon, no one would have the hardihood to claim that the farmer was guilty of actionable negligence in case the hired man was injured in the same way that the plaintiff was injured. Having failed to show any negligence on the part of the defendants, the plaintiff failed to establish a cause of action entitling him to recover.

The judgment will be reversed and the cause remanded with directions to render judgment for the defendants.

JOHNSTON, C. J., and MASON, J., dissenting.