GEO. W. LANE v. THE KANSAS CITY, FORT SCOTT &
GULF RAILROAD COMPANY.

RAILROAD COMPANY; *Negligence; Liability.* A railroad company, in op-
erating its road across a public highway, is required to exercise ordinary
care and diligence, and is liable for killing cattle which are rightfully
upon such highway, if it fails to exercise such care and diligence.

*Error from Miami District Court.*

THE opinion states the nature of the action, and the facts.
At the May Term, 1883, plaintiff *Lane* had judgment for
$8.50 against the defendant *Railroad Company.* To reverse
this judgment, and also the order overruling his motion for
a new trial, *Lane* brings the case to this court.

*Sperry Baker*, for plaintiff in error.

*Blair & Perry*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by George W.
Lane against the Kansas City, Fort Scott & Gulf railroad
company, to recover damages for negligently killing two of
the plaintiff's cows at a public crossing, and appropriating
the hides to its own use. The answer was a general denial.
Before the trial, the defendant offered to confess judgment for
the value of the hides, $8.50, and the offer was declined.
The case was tried before the court and a jury, and the jury
found a general verdict in favor of the plaintiff and against
the defendant for the admitted value of the hides. The plain-
tiff then filed a motion for a new trial, setting forth various
grounds, which motion was overruled by the court, and judg-
ment was rendered upon the verdict. To reverse this judg-
ment and the order of the court overruling the plaintiff's
motion for a new trial, the plaintiff now prosecutes a petition
in error in this court.

The errors alleged in this court are founded upon the
instructions given by the trial court to the jury. The in-

structions complained of are the sixth, eighth, ninth, tenth, eleventh, twelfth and thirteenth. The sixth instruction was technically erroneous, but probably the error was immaterial. The eighth was probably correct; but the ninth, we think, was materially erroneous. It reads as follows:

"No. 9. Under the pleadings and evidence in this action, the defendant is not liable, unless it was guilty of gross negligence with reference to the acts complained of. And such gross negligence must be proven to exist, and to have been the direct cause of the injury set forth in the plaintiff's petition in this action. Gross negligence is the want of slight diligence, and in this action there must have been an absence of even slight care on the part of the defendant before plaintiff can recover."

The plaintiff's petition, besides stating the facts of his case sufficiently, also alleges that the defendant's employés in killing the plaintiff's cows, "were guilty of gross carelessness and a reckless disregard for the rights of others," and the evidence shows, among other things, the following: The cows were killed where the defendant's railroad track crosses a public road. The plaintiff's servant was driving them along the public road, toward their home, when, just as they entered upon the railroad track, the engine of a passing train struck the cows and killed them almost instantly. There were circumstances which tended to show culpable negligence on the part of both the railroad company and the plaintiff, though possibly neither was guilty of culpable negligence. We think the evidence was such, however, that the questions whether either was guilty of culpable negligence, or not, were questions of fact for the jury, and not questions of law for the court. Then what were the rights of the parties respectively on the railroad track and on the public road where the cows were killed? And what degree of care and diligence was each required to exercise to avoid the injury to the plaintiff's cows? Each undoubtedly had a right to pass over the ground where the plaintiff's cows were killed, and neither was a trespasser there. The plaintiff undoubtedly had a right to have his cows driven along the public highway, and the rail-

road company also had a right to operate its railroad across the public highway, their rights being equal in this respect, and neither having a paramount right over the other.

From this we think it follows that each was bound to exercise ordinary care and diligence toward the other, and each was bound to exercise ordinary care and diligence for the protection of his or its own rights and property. The want of such care and diligence would be ordinary negligence, and, as we think, culpable negligence; while the exercise of that degree of care and diligence would not and could not in this case, as we think, constitute culpable negligence. The foregoing instruction, however, says in effect that the railroad company was not required to exercise ordinary care and diligence, but was required to exercise only slight care and diligence, and is liable only for gross negligence. In this we think the instruction is erroneous, and this notwithstanding the fact that the plaintiff alleged in his petition that the defendant's employés, in killing the cows, "were guilty of *gross* carelessness and a reckless disregard for the rights of others." The use of the word "gross" was wholly unnecessary.

It may be that in fact the plaintiff is not entitled to recover in this case, for it may be that in fact the railroad company exercised ordinary care and diligence and was not guilty of even ordinary negligence; or it may be that in fact the plaintiff did not exercise ordinary care and diligence and *was* guilty of ordinary negligence; but as the case was not submitted to the jury upon the theory that the railroad company was required to exercise ordinary care and diligence, or that it was responsible for ordinary negligence, we cannot tell what the opinion of the jury was upon these subjects.

For the error committed by the court below, in giving said instruction, the judgment of the court below must be reversed, and the cause remanded for a new trial.

We hardly think it is necessary to comment upon the other instructions complained of.

Judgment reversed.

All the Justices concurring.