## The Kansas City, Fort Scott & Gulf Railroad Company v. George W. Lane.

1. EVIDENCE, *Sustaining Verdict and Judgment.* In this action, which is brought to recover damages against the railroad company for the negligent killing of stock where the railroad crosses a public highway, the testimony is examined and held to be sufficient to sustain the verdict and judgment.

2. INSTRUCTION, *Not Erroneous.* An instruction given by the court "that if the jury believe the train which killed the plaintiff's cows could not have been stopped after the engineer saw the cows on the track and before they were struck, you will find for the defendant; provided, the jury believe from the evidence the engineer in charge of said train used ordinary diligence as herein explained," held, not erroneous.

3. INSTRUCTION, *Not Prejudicial.* Where an instruction is given that is really in the interest of, and not prejudicial to, the plaintiff in error, he is not in a position to complain thereof.

4. ————— *Positive and Negative Evidence; No Error.* A refusal to charge the jury that the evidence of the plaintiff in regard to sounding the whistle and ringing the bell of the locomotive was of a negative character, while that of the defendant was positive, and that the law esteems the latter class of evidence more highly and of more value than the former, was not error, because it ignored all modifying circumstances and assumed that there was no positive evidence of the alleged signal given in behalf of plaintiff, whereas it appears that positive testimony with reference thereto had been offered by him.

5. TESTIMONY, *Positive and Negative.—Weight.* As a general rule, the testimony of one who swears positively that a locomotive whistle was sounded, is of much greater value than the statement of a witness that he did not hear it sounded. Such negative testimony by a witness who was not giving heed to the passing locomotive or the sounding of the whistle thereon, and who is accustomed to the frequent sounding of the same, is ordinarily entitled to but little weight.

### Error from Miami District Court.

ACTION brought by *Lane* against *The Railroad Company,* to recover damages for the alleged negligent killing of two cows belonging to the plaintiff. Trial at the May Term, 1884, and judgment for plaintiff for $100 and costs. The defendant brings the case here. The material facts are stated in the opinion.

*Wallace Pratt*, and *Blair & Perry*, for plaintiff in error.
*Sperry Baker*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by George W. Lane against the Kansas City, Fort Scott & Gulf Railroad Company, to recover damages for the alleged negligent killing of two cows belonging to the plaintiff, on the 8th day of December, 1882, at a point near the city of Paola, in Miami county, where the defendant's railroad crosses a public highway. It was alleged by the plaintiff that the cows were struck and killed by the defendant's locomotive and passenger train, which was going north at a high rate of speed, and that the railroad track for a distance of eighty rods south of the point of crossing this highway is nearly straight and level, so that any obstacle upon the track could have been readily seen by the persons in charge of the locomotive. But it is charged that on approaching the highway-crossing the employés of the defendant failed to blow the locomotive whistle, as is required to be done, and failed to ring the bell or give any signal whatever of their approach. And the plaintiff charges that the killing of the cows was the result of the recklessness and negligent management of the locomotive and train. The plaintiff further charges, that defendant skinned the two cows and appropriated their hides to its own use. The defendant denied that it negligently and carelessly killed the cows, but admitted the taking of the hides, and offered to confess judgment for their value.

A trial was had at the May term, 1883, of the district court of that county, and a judgment rendered in favor of the plaintiff for the value of the hides only, and thereupon the plaintiff prosecuted a petition in error in this court to reverse that judgment. At the January term, 1884, of this court, the judgment was reversed, and the cause remanded for a new trial. (*Lane v. K. C. Ft. S. & G. Rld. Co.*, 31 Kas. 525.) Upon the second trial, which was before the court and a jury, it was admitted by the defendant that the plaintiff was the owner of

the cows at the time they were killed; and that they were of the value of $100, as claimed by the plaintiff; and also that the cows were killed by the defendant's engine and train of cars at the time and place stated by plaintiff, but not negligently. The verdict and judgment were in favor of the plaintiff for the agreed value of the cows, and the defendant now comes here alleging error.

The assignments of error assail the rulings of the court in giving and refusing instructions, in the admission of testimony, and in overruling the motion for a new trial.

I. The court in its third instruction told the jury, among other things, that—

"In cases of apprehended danger, it is the duty of persons in charge of a running train, on approaching the crossing of a public highway, to take such precautions as reasonable care would suggest, taking into consideration the safety of its patrons and passengers using and riding on the train; and if in the exercise of such precaution and care, in the judgment of the engineer in charge of the train there was greater danger to the train and its passengers in attempting to stop it after he did see or could have seen the cows on the track, he would be justified in keeping on, although he may have knocked the cows from the track; and whether such necessity existed, or not, must be determined by the jury from all the facts and circumstances of the case as shown by the evidence on the trial."

It is objected that this instruction assumed that there was apprehended danger when the train was approaching the crossing where the cows were killed, and is therefore misleading. It is not, we think, open to the criticism made. The court does not therein intimate an opinion that danger existed, or that it was apprehended by the engineer; but the instruction was obviously founded upon the claim made and the testimony offered on the part of the railroad company. The engineer in charge of the locomotive testified that he did not reverse the engine after seeing the cows upon the track; that the cows were not seen by him until he was within about one hundred and fifty yards of the crossing; that the train was running at the rate of about forty miles an hour, and there would have

been great danger in stopping the train by reversing the engine, as it probably would have thrown the train off the track. It will therefore be seen that the instruction was really in the interest of and beneficial to the defendant, and the defendant at least has no reason to complain of being prejudiced by it.

II. The court instructed the jury as follows:

" 8. If the jury believe the train which killed the plaintiff's cows could not have been stopped after the engineer saw the cows on the track, and before they were struck, you will find for the defendant; provided, the jury believe from the evidence the engineer in charge of said train used ordinary diligence as herein explained."

The defendant insists that this instruction should not have been limited by the proviso. We think that without the proviso the instruction would have been erroneous, as it would have taken from the jury all inquiry into the conduct of the engineer as to the proper care and diligence required of him prior to the time when he claims to have first seen the cows. The statute imposed the duty of sounding the whistle three times, at least eighty rods from the crossing. It was further his duty to be upon the lookout for obstructions on the track, and, if any were seen, to give such signals as the circumstances of the case required. If the proviso had been eliminated from the instruction, as desired by the defendant, it would have relieved the engineer from exercising these acts of precaution; and therefore the objections to this instruction, as well as the ninth, are not well founded.

III. Error is assigned on the refusal of the court to give the second and third instructions requested by the defendant, both of which relate to contributory negligence. This objection is met by the fact that the rules respecting the degree of care and diligence required of the plaintiff, and applicable to the facts in the case, were fairly and fully stated by the court in its general charge. Not only this, but in the second instruction requested, the court was asked in effect to direct the jury, that if the plaintiff drove his stock upon or near the track where trains were likely to be approaching, he could not

recover. Whether there is danger or negligence in driving stock near to a railroad track, depends upon circumstances, and is a question to be determined by the jury after learning what the circumstances are. If the stock were under perfect control and carefully guarded, the driving of them *near* to the track, as upon the adjoining and parallel highway, would not necessarily constitute negligence. Numerous other circumstances may readily be conceived where such an act would not be negligence.

The third instruction requested by the defendant contained a direction to the jury that if there was a sign-board near the point where the highway crossed the railroad, notifying every one who used the road to "look out for the cars," they should find for the defendant. Clearly this direction would have been wrong, and for this reason was properly refused.

IV. Complaint is also made of the ruling of the court in refusing to instruct the jury that the evidence of the plaintiff in regard to sounding the whistle and ringing the bell of the locomotive, was of a negative character, while that of the defendant was positive, and that the law esteems the latter class of evidence more highly and of more value than the former. As a general rule, the testimony of one who swears positively that the whistle of a locomotive was sounded is of much more value than the statement of a witness that he did not hear it sounded. Such negative testimony by a witness who was not giving heed to the passing locomotive or the sounding of the whistle thereon, and who may have been accustomed to the frequent sounding of the whistle, is entitled to but little weight. But while the request, as a general statement of the rule of evidence, is correct, we do not regard its refusal as error. As presented, it ignored all modifying circumstances and assumed that no positive testimony was offered by the plaintiff that no signal was given. The testimony of one who was in a position to hear, and who was giving special attention to the sounding of the whistle, that it was not sounded, while negative in form, is a positive statement of fact, and where the witnesses had equal opportunity to hear the whistle, and are equally credible,

it is generally of as much value as the testimony of one who states that it was sounded. In this case one of the witnesses, W. J. Richards, who was near by and saw the collision, testified that when he observed the approach of the train, and that the cows were in danger of being killed, he determined to notice whether any signals were given, and called the attention of his wife to it, stating that "I'll bet a hundred and fifty dollars they don't whistle or ring," and he swears positively that the whistle was not sounded nor the bell rung until after the cows had been struck and killed. In view of this testimony, the refusal of the request was not error.

V. An exception was taken to the ruling of the court in not permitting a witness to state what the general habit and custom of the engineer in charge of the locomotive had been with reference to sounding the whistle on the approach of road-crossings. Waiving the question of the admissibility of this testimony, which it is not necessary to decide now, we find from the record that later in the trial the question was repeated and the court allowed the witness to answer it, and therefore the defendant has no reason for complaint.

Upon the final objection that the testimony does not sustain the judgment, it is sufficient to say that an examination of the record satisfies us that the testimony, although not as satisfactory in some respects as might be desired, is sufficient to uphold the judgment.

We see nothing else in the record that needs to be noticed; and finding no error, the judgment of the district court must be affirmed.

All the Justices concurring.