No. 23,070.

MARGARET WEIR, *Appellee*, v. THE KANSAS CITY RAILWAYS COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. EVIDENCE—*Relative Value of Affirmative and Negative Testimony.* The testimony of a witness that a warning of an approaching street car was given is ordinarily worth more than the testimony of two witnesses who truthfully say that they did not hear it given.

2. STREET RAILWAY—*Pedestrian in Public Highway—Assumptions that May Be Indulged by Motorman.* A motorman on a street car may rightfully assume that an adult pedestrian apparently capable of taking care of herself, who is walking in the wagonway between the track and the curbing, a space of about six feet, and not near enough to the track to be struck by the forward end of the car, will step aside far enough to avoid being struck by the overhang of the car as it rounds a curve which they were approaching and of which she was aware.

3. SAME—*Personal Injuries—Contributory Negligence.* It is the duty of one walking in the street close to a street-car track in which there is a curve, and who is aware of the track on which cars are frequently passing and of the curve in the track, and is capable of taking care of herself, to take heed of the perils of the place and step aside to an available place of safety; and where she fails to do so, even when the front end of the car passes her, and is injured by the hind end of the car as it takes the curve, she will be deemed to be guilty of such contributory negligence as will bar a recovery for the injuries sustained.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed March 12, 1921. Reversed.

*O. L. Miller, E. S. McAnany, M. L. Alden, T. M. Van Cleave,* and *C. C. Glandon,* all of Kansas City, for the appellant.

*W. C. Rickel,* and *Charles A. Blair,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In traveling along a narrow street Margaret Weir was struck by a street car of the Kansas City Railways Company as it rounded a curve in the street, and for the injuries sustained she recovered a judgment from which defendant appeals.

In her petition she alleged in substance that the company has a double track on Thirteenth street, Kansas City, the tracks being located within about five feet from the curbing, which at that place is about a foot high and six inches wide. There is a curve in the street, and on the morning of the accident she was walking northward on the pavement in the narrow space between the railway track and the east curb. She alleged that she was walking out in the paved street because the sidewalk was unpaved, covered with snow and impassable for pedestrians. She further stated that the car of the defendant approached the curve while her attention was drawn to her course ahead, and that just as the car rounded the curve and she was in the act of stepping upon the curb the rear end of the car swung out over the curb, striking and injuring her. She charged that the company was negligent in failing to warn her of the approach of the car and failing to keep a lookout for pedestrians or to stop or slacken the speed of the car when the company knew or should have known of the dangerous curve, but drove the car on its course past the curve when the servants must have seen her peril as she walked along with her back towards the car. The defendant's answer was a general denial and an allegation that plaintiff's own negligence contributed to her injury.

No special questions were submitted to the jury and the general verdict was in favor of the plaintiff. Defendant contends here that the evidence does not show that the plaintiff's injury was due to the negligence of the defendant, and also that it does establish that it was the result of her own negligence.

First, as to the negligence of the defendant. It was alleged and claimed that the gong was not sounded nor any warning given of the approach of the car. The plaintiff called the motorman, who was operating the car which struck her, as a witness and he testified that he saw the plaintiff traveling ahead of the car, and rang the gong, but that she continued on her course and that if she had stayed as far from the track, which he said was about six or seven feet, as she was when he first saw her she would have been in the clear. Another witness who was near the place of the accident and saw the plaintiff when she was struck testified that she did not hear a gong sounded, but she declined to say that it was not sounded. The plaintiff herself testified that she did not hear a gong and did not look nor know that a car was coming towards her. In view of the fact that one of plaintiff's witnesses stated that a gong was actually sounded, and that only negative evidence was given to the contrary, a serious doubt is raised as to whether she made *prima facie* proof of the averment that no warning was given. The testimony of a witness that one was given is worth much more than the testimony of two witnesses to the effect that they did not hear it given, since a bell may have been rung without attracting the attention of those who truthfully say they did not hear it. (*K. C. Ft. S. & G. Rld. Co. v. Lane,* 33 Kan. 702, 7 Pac. 587.) Again, although the motorman saw the plaintiff walking in the street close to the curb, it would naturally occur to him that one walking near the track, who appeared to have the use of her senses and not under any physical or mental disability, would heed the warning and step from the track and out of danger. (*Campbell v. K. C. Ft. S. & M. Rld. Co.,* 55 Kan. 536, 40 Pac. 997.) The plaintiff was of mature years, and although close to the danger line she was apparently capable of taking care of herself, and unless it was apparent that she was unaware of the danger or unable to protect herself the motorman had the right to assume that she would withdraw to a place of safety. It was held in *Matulewicz v. Metropolitan St. Ry. Co.,* 95 N. Y. Supp. 7, that—

"A motorman on a street car may rightfully assume that an adult, apparently in full possession of health and vigor, standing in the street near a curve in the track, but not near enough to be struck by the forward end of the car, will draw back far enough to avoid being struck by the overhang of the car as it rounds the curve." (Syl. ¶ 1.)

Weir v. Railways Co.

In the opinion it was said:

"In view of the well-known fact that the rear of a street car in round-
ing a curve necessarily swings out some little distance from the track on
the outer edge, it is extending the obligation of street railroad companies
too far to impose upon the conductors of their cars the duty of warning
persons upon the street against the danger of collision with the rear end
after the body of a car has passed in safety." (p. 8.)

The car of the defendant was going slowly past the plain-
tiff, estimated at a rate of from one to five miles per hour, and
the front end of the car which she must have seen passed her
safely. If she had stopped at that time she would have been
out of danger. As to the duty of a motorman where a pedes-
trian is near the track and must have seen the front end of the
car as it slowly passed and where it was claimed that the
motorman should have stopped the car for the protection of
the pedestrian, the supreme court of New Jersey remarked:

"This implies that every motorman, when passing a person standing
in the street, must determine the question whether such person is in
danger of being struck by the rear part of the car while passing around
a curve, although he is far enough away to allow the front of it to pass.
We do not conceive that any such legal duty is imposed upon the motor-
man. . . . The distance she was standing from the front of the car
as it passed around the curve was not shown, and we think that the
motorman has a right to presume, either that she was beyond the swing,
or that if not, she would move out of its range. We must take the case
as it is presented to us, and without proof of the exact position taken by
the plaintiff with reference to the approaching car, beyond the fact that
the front passed her without injury, we are asked to say that the motor-
man must assume, under such circumstances, that she would not act as
a reasonable prudent person, and withdraw from a danger of which she
was aware, or which she supposed did not exist because of the distance
she was from the car, but about which it subsequently appeared, she
was mistaken. To accede to this request would impose a duty upon those
operating street railways which, in our opinion, has no legal basis."
(*Miller v. Public Service Corp. of N. J.*, 86 N. J. L. 631, 632, 633.)

In another case where a person was walking in the wagon-
way of a street near a track, and the front end of the car had
passed without contact, but she was struck by the hind end of
the car as it went around a curve, it was held that under the
circumstances it was not the motorman's duty to watch plain-
tiff after the front end of the car passed safely beyond her, and
that he could not be held to have knowledge of the danger
assumed by her in passing between a team and the car toward

its rear end. (*Wood v. Los Angeles Railway Corporation*, 172 Cal. 15.)

In *Louisville Ry. Co. v. Ray* (Ky.), 124 S. W. 313, it was held to be the duty of those in charge of a street car to keep a lookout so as to avoid injury to those who may be crossing a street in front of or near a moving car, "but the rule has never been so extended as to require employees in charge of the car to keep a lookout at corners and curves so as to prevent others using the street from colliding with the rear end of the car." (p. 314.) (See, also, *Widmer v. West End Street Railway*, 158 Mass. 49; *South Cov. & C. St. Ry. Co. v. Besse*, 33 Ky. Law Rep. 52; *Osborne v. Bay State Street Railway*, 222 Mass. 427; *Hayden v. Fair Haven & W. R. Co.*, 76 Conn. 355; *Jelly v. North Jersey St. Ry. Co.*, 76 N. J. L. 191; *Hoffman v. Philadelphia Rapid Transit Co.*, 214 Pa. 87; 25 R. C. L. 1245; Note, 16 L. R. A., n. s., 890.)

We are of the opinion that plaintiff's evidence fails to establish culpable negligence on the part of the defendant, and therefore its demurrer to her evidence should have been sustained.

On the issue of contributory negligence, the case should have been determined against the plaintiff. She walked up the narrow passage between the track and the curb without taking any heed of the perils of the place. She saw the track itself, a warning of danger, and knew that cars were liable to come from behind her at any time, and although only about five feet from the track she admits that she never looked behind to see if a car was coming. The fact that cars have considerable of an overhang was known to her, and she also knew of the curve in the track which she was approaching and therefore was chargeable with knowledge that the end of the car would project beyond the track according to the length of the car and the degree of the curve. In *Senning v. Interurban Railway Co.*, 101 Kan. 78, 165 Pac. 863, the plaintiff approached the track at a station and while looking for a coin his daughter had lost took a position within range of the end of the car as it moved out upon a curve, and was struck and injured. It was there said:

"The exercise of reasonable care required the plaintiff to keep himself beyond the reach of the end of the car as it swung around the curve. The

outward swing of the rear step as the front wheels took the curve was a matter of which he was chargeable with knowledge, since it is a common if not universal characteristic of such cars and is a necessary consequence of the end of the car projecting over the wheels." (p. 81.)

In *Garvey v. Rhode Island Company*, 26 R. I. 80, the court said:

"Every person . . . must be presumed to take notice of the obvious fact that the body of a street car, in rounding a curve, must necessarily swing out some little distance from the track on the outside of the curve. And for one to place himself within reach of the swing or overhang of a car while it is in motion is as much a bar to his recovery in an action against the company as though he had negligently placed himself in front of a moving car and been injured thereby." (p. 81.)

It is said that the plaintiff may not have understood the extent of the overhang of the car or the distance it would project beyond the track, but she could see the proximity of the track to the curb and that there was a curve in the track at that place and was bound to exercise some degree of care for her safety. There was no distracting emergency, nothing to prevent her from observing and appreciating the dangers of the place nor from stepping aside to a place of safety. If she had seen the car approaching and, being aware of the situation, had misjudged the extent of the overhang of the car and taken a position so close to it as to have been struck and injured, it would be conceded that the injury was the result of her own negligence. In a note relating to the contributory negligence of one injured by a car rounding a curve, in Annotated Cases, 1916 E, 682, it is said:

"The rule that a pedestrian when approaching a street-car track on which a car is likely to come has not, in the absence of a sudden emergency or an imperious necessity, the right to dismiss all thought of danger applies with equal force to a person about to cross a street-car track at a curve, and the failure of a person to use some care to keep from being struck by a car coming around the curve constitutes contributory negligence. . . . Where a person misjudges the swing or overhang of a car rounding a curve and consequently is struck by it he is guilty of contributory negligence barring his right to recover for injuries."

When the front end of the car which was moving slowly and only five feet away, came in line of her vision, plaintiff still had time to step out of danger. If she had then taken two steps to the side she would have been in a place of safety, but it appears that she continued on her course and the overswing of the car caught her just as she was stepping upon the curb.

It must be held that she failed to exercise reasonable care for her own safety and that her own negligence precludes a recovery for the injuries sustained.

The judgment will therefore be reversed and the cause remanded with directions to enter judgment in favor of the defendant.