No. 28,464.

C. A. LILLY, *Appellant*, v. THE WICHITA RAILROAD & LIGHT COMPANY and ISAAC W. HART, *Appellees.*

(274 Pac. 205.)

Opinion filed February 9, 1929.

*E. R. Barnes*, of Pratt, and *Carl H. Davis*, of Wichita, for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston* and *Lester L. Morris*, all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries sustained by plaintiff in a collision with a street car alleged to have been caused by the negligence of defendant. The trial court sustained a demurrer to plaintiff's evidence, and he has appealed.

While other questions are argued, we find it necessary to consider but one, that of plaintiff's contributory negligence. The evidence, so far as it relates to that question, is as follows: Plaintiff, a man well along in years, whose home is at Pratt, was in Wichita the evening of February 5, 1927. He was near 622 East Douglas avenue on the north side of the street and started south across the street on his way to the Union station when he was struck by a street car and seriously injured. Douglas avenue is one of the principal east-and-west streets of Wichita and at the point in question usually has heavy vehicular traffic, and has two street-car

tracks, the south track being used for eastbound street cars and the north track for westbound cars. The evidence as to how the casualty occurred is the testimony of plaintiff and three other witnesses. Plaintiff testified in substance that the place he started to cross the street was not a street intersection but was where an alley connected with the street, and that there was some pedestrian traffic across Douglas avenue at this point. It was about eight o'clock in the evening and was dark; and on coming to the place where he started to cross the street he did not stop at the curb, but swung around and started to cross the street; that "there didn't seem to be any traffic, I don't think there was any" on the street; that he walked across the street in a natural gait; that when he got to within two or three feet of the street-car track he looked each way and saw no street car, nor the lights of any car. "I didn't clear exactly stop, but might just about as well. I looked this way and that way, and the way was clear, and I started. . . . I saw nothing." He proceeded across the street and hadn't gone very far when the next thing he knew he was in the hospital.

Harry Smith, a witness called by plaintiff, twenty-two years of age, who lived with his parents and was a plasterer, saw the accident. He was riding on the rear end of a Ford roadster going west. He was facing east. Two other young men were riding on the rear end of the car, as he was. The automobile was making about fifteen miles per hour. There were two parallel street-car tracks there. He saw plaintiff just as he was leaving the curbing on the north side of the street. There was lots of traffic in the street. Plaintiff passed right behind the car in which witness was riding. "He was walking fast until he got about to the south side of our car. There was another car following us, and he jumped to get out from in front of this car." He was about fifteen feet from the street car then. The street car was coming from the west and the witness heard the bell ring twice, and the northeast corner of the street car struck plaintiff. The street car was moving about eighteen miles per hour going east. There was nothing between the witness and the street car. The street car was lighted inside and its headlight was on. There was nothing in the way to prevent plaintiff from seeing the street car after he passed the automobile in which witness was riding. The car in which witness was riding was about thirteen feet north of the south street-car track.

Richard Howell, a witness called by plaintiff, was on the Ford

car with Smith, facing east, and saw plaintiff as he stepped off the curb on the north side of the street starting south. He saw the street car, which was traveling about fifteen miles per hour. Plaintiff seemed to be walking at an ordinary gait until he got onto the street-car track, and he did not look in either direction, but went straight ahead and walked into the front end of the street car. The street car ran its length and about ten feet more before it stopped.

James Howell, called as a witness for plaintiff, was riding on the Ford car with Smith and saw the injury occur. The northeast corner of the street car struck plaintiff. The gong was sounded just about the instant the car struck him. There was nothing to prevent the motorman from seeing him, and there was nothing, after plaintiff had passed behind the car in which witness was riding, to prevent plaintiff from seeing the street car.

That is all the evidence relating to the manner in which the casualty occurred. From this evidence it seems clear that plaintiff was negligent in not looking for or seeing the street car approaching him. It is true he testified that he looked and saw no street car or any other obstruction on the street, but the fact that the car struck him is conclusive evidence that it was there, and from the testimony of all the witnesses it is clear that plaintiff crossed a distance of as much as thirteen feet from the south street-car track to the car in which Smith and other witnesses were riding, within which space there was nothing to prevent his seeing the street car approaching him, if he had looked.

Generally speaking, it is well settled, of course, that contributory negligence is a matter of defense and that the burden of proving it does not shift to plaintiff. (*Eidson v. Railway Co.,* 85 Kan. 329, 116 Pac. 485.) But it is also true that if plaintiff's evidence establishes his contributory negligence this bars his recovery just as effectively as though the evidence on that point had been introduced by defendant. (45 C. J. 1178; *Dewald v. K. C., Ft. S. & G. Rld. Co.,* 44 Kan. 586, 24 Pac. 1101; *Thomas v. Railway Co.,* 79 Kan. 335, 99 Pac. 594.) Where the facts relating to contributory negligence are in dispute, or are of such character that reasonable minds might reach different conclusions thereon, it is a question for the jury to determine. But where the facts disclosed by the evidence are not controverted and are such that reasonable minds could reach but one conclusion thereon, the question is one of law, to be decided by

the court, and not one of fact, to be determined by the jury. (*K. P. Rly. Co. v. Pointer,* 14 Kan. 37; *Beaver v. A., T. & S. F. Rld. Co.,* 56 Kan. 514, 43 Pac. 1136.) It is well settled, also, that a pedestrian, upon approaching a street-car track, must look for approaching cars. (*Thomas v. Railway Co.,* supra; *Weir v. Railways Co.,* 108 Kan. 610, 196 Pac. 442; *Ogden v. Wilson,* 120 Kan. 269, 243 Pac. 284.)

The evidence in this case is in dispute only as that of the plaintiff differs from that of other witnesses called in his behalf, but these differences are not controlling upon the vital point here. Plaintiff said there was no traffic in the street when he started across; the other witnesses say there was heavy traffic in the street; but for the distance of about thirteen feet north from where he was struck by the street car all of them agree that there was nothing which interfered with his seeing the approaching street car. He testified that he looked before going upon the track and saw nothing. At least some of his other witnesses testified that he did not look. The very fact that he was struck by the street car conclusively demonstrates that the car was near to him when he started across the track, and must be held conclusively to establish the fact either that he did not look, or if he did look, he saw the car and knew it was approaching. In 25 R. C. L. 1299, it is said:

"When the facts clearly proven or admitted are such that a person injured at such a crossing must have seen and heard the approaching car in time to have enabled him to avoid the injury if he had looked and- listened, it has often been held that his protest that he did not see or hear it goes for naught, for when a person does look he is bound to see what is clearly visible and be guided by the knowledge thus obtained."

In any event it is clear that with an unobstructed view, and with a lighted street car, with the headlight burning, near and approaching, he started to cross the track. Reasonable minds could reach no other conclusion than that his negligence in doing so was the cause, or at least one of the causes, which contributed to his injury.

The judgment of the court below is affirmed.