No. 29,920.

George Elgin, *Appellee*, v. The Kansas City Public Service Company, *Appellant*.

(298 Pac. 758.)

Opinion filed May 9, 1931.

*F. S. Jackson, James E. Smith* and *Schuyler Jackson*, all of Topeka, for the appellant.

*Joseph Cohen*, of Kansas City, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: George Elgin, a workman engaged in the paving of a street along the tracks of the public-service company, over which the company operated its cars, was struck and injured by one of the street cars. He asked for damages and recovered judgment for $1,500, from which defendant appeals.

· The plaintiff was one of a crew of laborers employed by a construction company in the relaying of the railroad track and preparing for the pavement of a street upon which the track was laid. The work was being done while the cars were being operated and a number of other laborers were engaged in the work along the line near the plaintiff at the time he was injured. It appears that as the car approached other workmen stepped out of the way of the moving car which was running at a rate of from ten to twelve miles an hour. Plaintiff was engaged in cutting off the ends of the ties so that they would be in alignment for placing concrete forms to hold the concrete. He testified that he was using an ax in chopping off the end of a tie and was standing about twenty inches from the track; that about that time he heard a truck coming up behind him and turned to see if there was danger of its striking him, and then turned the other way to make the stroke with the ax and at that moment was struck by the car. There was no obstruction to prevent the motorman from seeing plaintiff at work nor to prevent plaintiff from seeing the approaching car, if he had looked. It was alleged that the company was negligent in failing to sound the gong or give any warning of the approach of the car; in failing to keep a proper lookout to avoid striking workmen, and in failing to stop the car before the plaintiff was struck.

Defendant contends that the plaintiff was guilty of contributory negligence in placing himself so near the track and in remaining in that position when he knew or should have known that cars were constantly passing and when he admits that cars were running past him at least one every five minutes. The jury returned findings of fact including one that the defendant was negligent in failing to sound the gong or exercise reasonable care for the protection of workmen; that plaintiff was exercising ordinary care at the time he was struck; that he did not see the car immediately before he was struck; that in the exercise of reasonable care he could not have seen the approaching car and could not, by the exercise of reasonable care in looking and listening, have seen the approaching car. A demurrer to plaintiff's evidence was overruled by the court. A motion to set aside the findings because they were not sustained by the evidence was denied and defendant complains that the court erred in refusing requested instructions on the principles of contributory negligence and assumption of risk, instructions which, it is claimed, were not covered by those given by the court.

An argument is made by the defendant that there was no proof that the bell was not sounded by the operator as the street car approached the place of the accident. Plaintiff himself testified that he was not sure as to the clanging of the bell by the motorman. Another workman testified that he heard no bell as it came towards the point in question, but he said that it was the custom of the defendant to sound warning in approaching the place. The operator testified that he was running the car slowly and sounded his gong. Assuming, however, that the gong was not sounded, and that defendant was negligent in that respect, the conclusion from plaintiff's evidence is inescapable that his own contributory negligence was the cause of his injury. He was working close to the track over which cars were continuously passing. He voluntarily took a position so close to the track that he was within the range of the car. It was obviously a place of danger and it became his manifest duty to keep a lookout for passing cars and to exercise ordinary care for his own safety. There was no obstruction to his view in the direction from which the car was coming. Without doubt he could have seen it approaching if he had looked. One of his witnesses who stood within a few feet of plaintiff at the time said plaintiff appeared to be looking towards the coming car just before he was struck. He may have thought his distance from the track was far enough to give room for the car to miss him, but if so he necessarily assumed the risk he took. The fellow workmen seeing his danger shouted to him to look out for the car, but this warning did not prevent the accident. Other employees working along the track noticed the passing car and stepped back from it, and a short step back by the plaintiff would have avoided the danger and the injury. In that place of danger, of which he must have been fully aware, his failure to use his faculties to see and hear cars passing every three to five minutes and to exercise the ordinary precautions for his own safety, must be regarded, upon his own showing, as contributory negligence on his part. His situation and his duty under it to observe ordinary care were somewhat similar to that required of a traveler crossing a railroad track or of an employee working in a railroad yard in which cars are being frequently moved, and where, being conscious of the danger of the place, he is bound to observe care for his own safety. His evidence demonstrates that he failed to exercise that care and it must be decided as a matter of law that his contributory negligence precludes a recovery for the injury sustained. (*Lilly v. Wichita*

*Railroad & Light Co.,* 127 Kan. 527, 274 Pac. 205, and cases cited; *Caples v. A. T. & S. F. Rly. Co.,* 129 Kan. 341, 283 Pac. 53. See, also, *Whiteker v. Wichita Rld. & Light Co.,* 125 Kan. 683, 265 Pac. 1103; *Nolan v. Metropolitan St. Ry. Co.,* 72 N. Y. Supp. 501; *Quinn v. Boston Elevated Railway,* 188 Mass. 473; *Lyon v. Bay Cities, etc., R. Co.,* 115 Mich. 114; *Bushay v. Ocean City Electric R. R. Co.,* 74 N. J. L. 30.) The fact that he heard a moving truck near him and had previously looked towards it did not excuse his lack of care in guarding against a moving street car coming towards him, and in the direction he was facing, when a glance and a step would have saved him from injury. There was no basis for the finding of the jury that the plaintiff was exercising due care when he was struck, nor for a recovery of damages.

The judgment is reversed with directions to enter judgment for the defendant.