No. 30,374.

A. Q. Davis, *Appellee*, v. The Atchison, Topeka & Santa Fe
Railway Company, *Appellant*.

(9 P. 2d 990.)

Opinion filed
April 9, 1932.

*William R. Smith, Alfred A. Scott* and *C. J. Putt,* all of Topeka, for the
appellant.

*E. D. Mikesell,* of Fredonia, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: In the operation of its train, the Atchison,
Topeka & Santa Fe Railway Company struck and killed four cows
owned by A. Q. Davis. This action was brought by Davis to re-
cover the value of the cows, and he obtained a judgment for $250.
The railway company appeals.

The railroad divides and runs east and west through the farm
of the plaintiff. There is a public road running north and south
near the residence and other buildings of the plaintiff. The cattle
were pastured in a field south of the railroad and the residence and
other improvements were north of the railroad. The cows had been
milked about six o'clock in the morning of June 16, 1930, by mem-

bers of the plaintiff's family and were then driven out on the public road towards the railroad with a view of placing them in the pasture south of the railroad crossing. It appears that two of his children went ahead of the cattle to look out for trains and assist in driving them over the railroad, and the plaintiff and two other members of his family were following them carrying the milk. There is testimony that no trains were seen or heard when the drive started, but about the time they reached the crossing those ahead of the cattle called back that a train was coming, when the plaintiff and some of the children made a quick effort to drive the cattle off the track and did succeed to an extent, but four of them were struck and killed. The principal negligence relied on was the failure of the defendant to sound the whistle for the public crossing as the statute requires. The jury, among other special findings, found that the defendant was negligent and the negligence consisted in not giving the statutory signal.

The defendant contends that the evidence fails to show that the whistle was not sounded for the crossing where the accident occurred. Upon that question there was a sharp conflict in the testimony. The argument of defendant is that the evidence of plaintiff that no signal was given was negative in character and was the conclusion of the witness rather than a statement of fact. It is said that the witnesses could not testify that the whistle was not sounded. All they could say was that they did not hear any whistle, and that this was not evidence of the fact. It is true that ordinarily a witness who testifies that he saw or heard something is of greater value than the testimony of another who simply says he did not see or hear an incident. (*K. C., Ft. S. & G. Rld. Co. v. Lane*, 33 Kan. 702, 7 Pac. 587; *Weir v. Railways Co.*, 108 Kan. 610, 196 Pac. 442; *Kindig v. Atchison, T. & S. F. Rly. Co.*, 133 Kan. 459, 1 P. 2d 75.) If all other things are equal, positive testimony preponderates over that which is strictly negative, but the trier of the facts should give consideration to the attending circumstances such as the opportunity and attention of the witnesses. What is deemed negative testimony, such as that a whistle was not sounded, is not without force and value if the witness had unimpaired hearing, was giving attention and listening for a whistle at the time of an accident and testifies that none was sounded. In such a case the testimony can hardly be regarded as negative in the sense that it is overborne as a matter of law by testimony that it was sounded.

Now, the plaintiff's witnesses were concerned about the safety of the cows and the possibility of trains running over the track at any time. Two of the children had been sent ahead to watch for a train and assist in getting the cows safely over the railroad, and the plaintiff and two of his boys followed behind them. With these circumstances in mind, plaintiff and others testified that no whistle was sounded eighty rods from the crossing, and if it had been they would have heard it and had an opportunity to head the cattle off the track and prevent the killing of them. His wife, who was in front of the house and near the railroad track, testified that she would have heard the whistle if it had been sounded, and that it was not done. A son of the plaintiff who was engaged in guiding and guarding the cows likewise testified that no whistle was sounded eighty rods from the crossing, and also that defendant did not whistle for another crossing half a mile away. Another member of the family who was attending the cattle testified that the whistle was not sounded for the crossing where the cattle were killed nor for the crossing east of that. As stated, the employees in charge of the train testified positively that the proper signal was given. In view of the circumstances it must be held that the evidence given in behalf of plaintiff was competent and sufficient on which to base a finding that no signal was given for that crossing. This court, in speaking of the relative value of positive and negative testimony in a case similar to this one, has said:

"The testimony of one who was in a position to hear, and who was giving special attention to the sounding of the whistle, that it was not sounded, while negative in form, is a positive statement of fact, and where the witnesses had equal opportunity to hear the whistle, and are equally credible, it is generally of as much value as the testimony of one who states that it was sounded." (*K. C., Ft. S. & G. Rld. Co. v. Lane,* 33 Kan. 702, 706, 7 Pac. 587.)

In view of the circumstances related it cannot be held that plaintiff was barred from the recovery of damages by reason of contributory negligence.

Error is assigned on an instruction given by the court. Testimony had been admitted tending to show that the defendant had also failed to give a signal at another crossing farther away from the crossing where the cows were killed, and the court proceeded on the theory that such testimony was applicable to the case and gave the following instruction:

"Now if you should believe from the evidence that the defendant's agents,

servants, and employees in operating said engine which is alleged to have struck plaintiff's cattle and killed them, failed to sound the whistle on said locomotive at either or both of said crossings, and that because of said failure to sound the whistle, plaintiff's cattle were killed, then, and in that event, your verdict should be for the plaintiff."

The omission to give the statutory signals at other crossings farther away than the one where the accident occurred had no place in this lawsuit and constituted material error. The negligence charged and found by the jury was the violation of the statute which provided that a steam whistle shall be attached to each locomotive engine and shall be sounded four times, at least eighty rods from the place where the railroad crosses a public road or street. (R. S. 1931 Supp. 66-2,120.) The negligence relied on is the failure to give the statutory signal for the crossing where the accident occurred, and the railroad company is only liable for damages sustained by reason of that neglect. The fact that the company may have been negligent at other places or of another kind, was wholly irrelevant. The statutory signal is required as a warning for those upon or approaching the public road, at least eighty rods away, and a failure to whistle at other distant crossings cannot be attributed to the railroad company as neglect in causing an injury at an immediate crossing for which the signal was required. That view was declared in *Mo. Pac. Rly. Co. v. Pierce*, 33 Kan. 61, 5 Pac. 378, where it was said:

"The purpose of the legislature in requiring this warning to be given before reaching a highway, is manifestly to afford protection to persons or property that may be upon, or passing over such highway, and therefore the omission of the company to comply with this statutory requirement cannot be held to be negligence as to any injury done except at the crossing of the particular highway for which the whistle is required to be sounded." (p. 64.)

It is manifest that the instruction was erroneous and extended the liability for a failure to give signals beyond that required by the statute.

For this reason the judgment must be reversed and the cause remanded for a new trial. It is so ordered.