WILLIAM M. JACKSON v. THE KANSAS CITY, LAWRENCE & SOUTHERN KANSAS RAILROAD COMPANY.

1. DEFECTIVE MACHINERY; *Knowledge of Employé.* Where the step of a railroad engine is slightly defective, and the conductor of the train has full knowledge of the condition of such step, and continues to use it, he cannot recover damages from the railroad company for injuries claimed to have resulted from the defective condition of the step and received by him while using it.

2. ———— The reversal of an engine in switching and in making up trains is not negligence *per se;* and negligence is never presumed without proof, but in all cases it must be proved.

*Error from Sumner District Court.*

ACTION by *Jackson* against the *Railroad Company,* to recover damages for bodily injuries. At the adjourned April Term, 1882, H. G. R., judge *pro tem.* presiding, the court sustained defendant's demurrer to plaintiff's evidence, overruled plaintiff's motion for a new trial, and dismissed his action. Of these proceedings he complains, and brings them here. The facts appear in the opinion.

*Herrick & George, Isaac G. Reed,* and *McDonald & Parker,* for plaintiff in error.

*A. A. Hurd,* and *J. Wade McDonald,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by William M. Jackson against the Kansas City, Lawrence & Southern Kansas railroad company, to recover damages for injuries received by him while in the employment of the railroad company as a conductor of one of its construction trains. The plaintiff. alleges in his petition below that these injuries were caused by the negligence of the railroad company. The case was tried before the court and a jury, and after all the plaintiff's evidence was introduced, the defendant demurred thereto upon the ground that it did not prove any cause of action in favor of the plaintiff and against the railroad company. The demurrer was sustained by the court. The plaintiff then moved the court for a new trial upon various grounds, which motion was overruled. Afterward the plaintiff brought or attempted to bring the case to this court for review.

Now assuming that the plaintiff has got his case into this court, and assuming that the plaintiff exercised proper care and diligence on his part to avoid the injuries of which he now complains, still we do not think that he proved any negligence on the part of the railroad company; and therefore, and for this reason, if for no other, we think the court below did not err in its various rulings against the plaintiff. We think it is unnecessary to comment upon the evidence or upon the facts of the case to any great extent; but perhaps it would not be out of place to state some of the principal facts. The plaintiff, as before stated, was the conductor of one of the construction trains operated on the defendant's railroad, and he received the injuries of which he now complains while switching the engine and cars for the purpose of making up the train for a particular occasion. Just prior to the time when said injuries were received, the engine was on the main track of the railroad, without any cars attached thereto, and was being moved backward toward the plaintiff, by the person in charge thereof, at the rate of from three to

five miles an hour, and the plaintiff, seeing it coming, moved a switch track and locked it, and when the engine reached the point where he stood, he caught hold of the hand-holds and placed his right foot upon the step of the engine and was lifting his left foot from the ground to place it on the step of the tender, when the engine was reversed, and in consequence of such reversal his foot slipped from the step of the engine and fell .upon the rail of the railroad track, and one of the drive-wheels of the engine passed over it and crushed it so badly that a part of the same had to be amputated. It is claimed that the step of the engine was defective, in not having sufficient guards at the sides, but it would seem that the plaintiff had full knowledge with reference to the condition of the step, and as full knowledge as any other person; hence, he cannot claim negligence on the part of the railroad company with respect to the step; for if the step was not fit for use, he knew it, and was guilty of contributory negligence in attempting to use the same after having full knowledge of its supposed defective condition. (*L. S. & M. S. Rly. Co. v. McCormick*, 74 Ind. 440; same case, 5 Am. & Eng. Rld. Cases, 474; *Pittsburg &c. Rld. Co. v. Sentmeyer*, 92 Pa. St. 276; same case, 5 Am. & Eng. Rld. Cases, 508; *Umback v. L. S. & M. S. Rly. Co.*, 83 Ind. 191; same case, 8 Am. & Eng. Rld. Cases, 98; *H. & T. C. Rly. Co. v. Meyers*, 55 Tex. 110; same case, 8 Am. & Eng. Rld. Cases, 114; *H. & T. C. Rly. Co. v. Fowler*, 56 Tex. 452; same case, 8 Am. & Eng. Rld. Cases, 504; *DeForest v. Jewett*, 88 N. Y. 264; same case, 8 Am. & Eng. Rld. Cases, 495; *Devitt v. Pac. Rld. Co.*, 50 Mo. 302; *Dillon v. U. P. Rld. Co.*, 3 Dillon, 320, 324; *Richardson v. Cooper*, 88 Ill. 271; *M. R. & L. E. Rld. Co. v. Barber*, 5 Ohio St. 541, 559, 560; *Coates v. Burlington &c. Rld. Co.*, decided by supreme court of Iowa, December 13, 1883, 17 N. W. Rep. 760; 2 Thompson on Negligence, 1008; note to case of *Ballou v. Chicago &c. Rly. Co.*, 5 Am. & Eng. Rld. Cases, 480, 506; same case, 54 Wis. 257.)

The step, however, was not really defective, but was simply

of a different pattern from those often used on railroad engines; and the plaintiff admits in his brief that the evidence does not show such a defective or unsafe condition of the step as to preclude its use. And he also admits that, except for the reversal of the engine, he would not have fallen or been injured. Besides, there was no necessity for the plaintiff to use the step at the time he did; and we certainly think that no negligence can be imputed to the railroad company on account of the use of said step by the plaintiff at the time he used it. Probably neither the plaintiff nor the railroad company was guilty of negligence in using said step.

This brings us to the question whether any negligence can be imputed to the railroad company because of the reversal of said engine. Now no negligence was shown with respect to such reversal. The evidence shows that engines are often reversed in switching cars and in making up trains; and there was no evidence introduced tending to show that the engine in the present case was not reversed for a good and sufficient reason; and there was no evidence introduced tending to show that the person in charge of the engine had any knowledge that the plaintiff was on the engine, or attempting to get upon the same, at the time the engine was reversed. We suppose it will be admitted that the reversal of an engine is not negligence *per se*, and that negligence is never presumed without proof, but in all cases it must be proved.

We refer to the following cases, as having some application to this case: *Mo. Pac. Rly. Co. v. Haley*, 25 Kas. 35, 57, 62, 63; *Williams v. A. T. & S. F. Rld. Co.*, 22 id. 117; *McQueen v. C. B. U. P. Rld. Co.*, 30 id. 689, 692, and cases there cited.

The judgment of the court below will be affirmed.

All the Justices concurring.