LANYON ZINC COMPANY v. G. B. BELL.

No. 12,310. (68 Pac. 609.)

SYLLABUS BY THE COURT.

PERSONAL INJURY — *Falling Zinc Spelter* — *Proof of Negligence.* Where a laborer is injured by the falling of a stack of zinc spelter he is not entitled to recover damages in the absence of evidence that the stack was carelessly or negligently built, or that his employer knew that it was dangerous, or where the danger was open and obvious and observed by his colaborers, and could have been observed by him, and the injury averted by the exercise of ordinary care.

Error from Allen district court; L. STILLWELL, judge. Opinion filed April 5, 1902. Reversed.

*McDougal & Sebree, W. F. Evans,* and *J. D. Wendorff,* for plaintiff in error.

*Gard & Gard,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : This is a proceeding in error from an action brought in the district court of Allen county to recover damages for personal injuries. The plaintiff in error is a corporation engaged in the manufacturing of zinc spelter and other zinc products in Allen county. At the time of the alleged injury the defendant in error was a common laborer, working for it, loading spelter from a pile or stack into a car. It appears that the plaintiff in error is operating two plants at this point, or rather one plant under two divisions, Nos. 1 and 2. For some time prior to the injury, the defendant in error worked for it at division No. 1. On the morning of the day of the injury he was sent from division No. 1 to division No. 2, and with others was engaged in loading a car from the piles or stacks. Spelter plates are from one to one and a half inches thick, ten inches wide, and twenty inches long, and are piled up by placing them on a board or boards for a foundation, two plates laid side by side, reversing each alternate two plates until the stack contains from thirty to forty plates. These stacks are built side by side in car-load lots.

It appears that the stack next to the one which was being removed had settled unevenly and leaned toward or against the former ; that in taking off the plates an occasional one was found caught under the edge of the plates in the adjoining stack, and that it was talked by the men at work that there was danger of that stack falling. It appears from the testimony, however, that the plaintiff did not engage in this conversation, and possibly did not hear it. When they had taken down one of the stacks to within two or three feet above the ground, and while plaintiff below

Lanyon v. Bell.

was attempting to remove a plate and carry it to a car, the adjoining stack fell, crushing and breaking his leg.

The negligence complained of in the petition is, that this pile of spelter had been by the defendant built in such a careless and negligent manner as to be dangerous to the employees of the defendant in passing about or working near it; that it had been carelessly and negligently built on the ground without any board foundation; that it had settled to one side and therefore easily toppled over, and that defendant knew these facts and did not inform the plaintiff or cause him to be informed of its unsafe condition.

The plaintiff below testified that prior to this time, while working in division No. 1, he had assisted in building stacks similar to those in the yards of division No. 2; that the stack was built as he had been accustomed to seeing them built in division No. 1, and was apparently all right, except that it leaned. Other witnesses for the plaintiff testified that there was no irregularity in the building of this stack or in its appearance, except that it leaned, and that it was built like all other stacks in the yards. There was no evidence that it was not built on a foundation as was the custom, and otherwise properly built, except that it leaned.

Before one can recover damages for injuries on the ground of negligence, he must prove that the party from whom he seeks to recover has not exercised ordinary and reasonable care proportionate to the danger to be avoided. There is no evidence in the record tending to show that the stack which fell and injured the plaintiff below was constructed differently from others which he had assisted in building or those which he had assisted in taking down and loading

into cars. There is no evidence that it was not properly built. If it had settled after being properly built and was leaning, the plaintiff below had the same means, if not better than the defendant below, of knowing the condition of the stack, and from his experience was competent to determine the danger and hazard incident to the employment. There was nothing hidden or concealed about the work. Everything was open and obvious. The other workmen observed that this stack was leaning and that an occasional plate was caught under the plates in that stack. In the performance of his duties, the defendant in error is chargeable with the knowledge of the conditions that surround him which are open and observable by all.

We know of no theory or precedent on which the judgment of the court below can be sustained. It follows, therefore, that the judgment must be reversed and the cause remanded.

DOSTER, C.J., SMITH, ELLIS, JJ., concurring.