Russell v. Watts.

---

No. 19,646.

HUGH RUSSELL, *Appellee*, v. J. B. WATTS and M. R. AMMERMAN, Partners, etc., *Appellants*.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Misconduct of Counsel in Stating Case—Refusal to Discharge Jury—No Error.* In an action for damages the plaintiff's counsel started to assert in his opening statement that the defendants had suffered no pecuniary loss because indemnified, when he was stopped by the court and the jury were carefully instructed to disregard such suggestion, whereupon the defendant requested that the jury be discharged, which request was overruled. *Held,* that such ruling was not error.

2. TRIAL—*Opening Case for Further Evidence—No Error.* Permitting further testimony by the plaintiff after he had rested and a demurrer had been interposed was within the sound discretion of the trial court and not error.

3. PERSONAL INJURIES—*No Material Variance between Allegations and Proof.* Certain variations between the allegations and the proof were not fatal, for the reason that the evidence nevertheless furnished clear

and sufficient support for the conclusion that the plaintiff, without his fault and by the negligence of the defendant, was injured substantially in the manner alleged.

4. SAME—*Instructions—Substantially Correct.* Instructions which clearly and substantially state the law applicable to the facts in controversy will not be held bad for mentioning one or two unnecessary matters as incumbent upon the defendants in the operation of their work.

5. SAME—*Recovery—Not Based on Workmen's Compensation Act.* An action for damages at common law is not governed as to the sum to be recovered by the basis fixed for recovery under the workmen's compensation act.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed July 10, 1915. Affirmed.

*Howard J. Hodgson,* of Eureka, for the appellants.

*O. C. Zwicker,* and *W. S. Marlin,* both of Eureka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff recovered for an injury to his foot caused by the sudden starting of a traction engine on which rested a concrete mixer. The errors covered by the defendants' brief are: (1) Misconduct of counsel in starting to say in his opening statement to the jury that the defendants suffered no pecuniary loss by reason of being indemnified; (2) receiving certain testimony after the demurrer to the plaintiff's testimony had been overruled; (3) variance between the allegations and proof as to the location of plaintiff's foot just prior to the injury and as to the exact position of his body and the precise manner in which the lever of the mixer was operated by him; (4) instructing as to the duty of defendants to provide help and to establish rules; (5) in instructing that contributory negligence was to be established by the defendants; (6) measure of damages; (7) that the findings were inconsistent with the general verdict; (8) the refusal to render judgment on the special findings.

As to the first, there had been no request to have any other party made defendant (Civ. Code, §§ 35, 36), counsel was interrupted before completing his sentence and the jury were carefully instructed to disregard what was said touching the matter. For this reason it does not appear that any prejudice

Russell v. Watts.

was suffered by the defendants, and aside from this it was not like *Smith v. Cement Co.*, 86 Kan. 287, 120 Pac. 349, an attempt by counsel in the argument of a case to refer to matters not proved and not proper for consideration.   (See *Swift v. Platte*, 68 Kan. 1, 10, 72 Pac. 271, 74 Pac. 635.)

There was no abuse of discretion in permitting the testimony complained of after the evidence of the plaintiff had first been closed.   Neither can it be said from the record that in respect to this matter counsel for the plaintiff was guilty of misconduct.

The alleged variances between the allegations and the proof were not sufficient to prevent a recovery by the plaintiff, for whatever the inaccuracy of statement touching these matters found in the pleading or in the evidence, it was left sufficiently clear that the jury had abundant testimony on which to find that the plaintiff's injury was caused without his fault and by the negligence of the defendants substantially as alleged.

One or two unnecessary matters were mentioned in the instructions as incumbent upon the defendants, but a careful examination of the entire charge discloses that the law applicable to the case was substantially given with such clearness that the jury were fairly advised and were not led astray.

Defendants' counsel makes the novel and ingenious suggestion that in view of the workmen's compensation act the damages therein provided for should be deemed as the legislative estimate of what may be recovered in an action like this, and complains that the court instructed in accordance with the general rule of common-law actions and did not restrict the jury to the amount which might be recovered in actions brought under the workmen's compensation act.   It is sufficient to say that the legislative estimate of the amount to be recovered was intended to and can apply only in actions brought under the statute enacted by the legislature.

An examination of the special findings fails to show that they were unsupported or inconsistent with the general verdict or that a judgment founded thereon should have been rendered, as requested by the defendants.

The judgment is affirmed.