No. 22,230.

KATHARINE WHITE, *Appellant*, V. BERKSON BROTHERS CLOAK
& SUIT COMPANY, and HARRY NACHTIGAL, *Appellees.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Falling over Step Against Door—Liability of
   Employer for Negligence.* In the absence of something exceptional in
   the surroundings and conditions, a liability for negligence on the part
   of an employer cannot be founded merely upon the existence of a step,
   which might have been avoided by the employment of a different con-
   struction, in a passageway or walk or entrance to a building, where
   his employees pass and repass.

2. SAME—*Trial—Evidence of Subsequent Repairs.* Although evidence
   of subsequent repairs is admissible in a personal-injury case where an
   issue of fact is presented as to whether suffering the existence of
   certain conditions amounted to negligence, yet if there is otherwise
   no basis for submitting that issue to the jury, the lacking ingredient
   cannot be thus supplied.

3. SAME—*Evidence of Other Injuries at Same Place.* The same is true
   of evidence of other injuries than that sued for having occurred at
   the same place.

4. SAME—*Certain Evidence—No Basis for Liability.* In an action by an
   employee for injuries occasioned by his stumbling upon a step, the
   fact that he had been requested by his employer to lose no time can-
   not form a basis for liability.

5. SAME. Where an employee stumbled upon a step as he was about to
   open a door to pass through, and fell against a glass panel, breaking it
   and receiving severe cuts, liability of the employer cannot be based
   on a defective condition of the latch which prevented the opening of
   the door.

6. SAME. A ruling that negligence in failing to give the plaintiff
   notice of a change in the construction of a walk was not involved
   because not pleaded, held not to be open to objection.

Appeal from Shawnee district court, division No. 1; ROBERT
D. GARVER, judge. Opinion filed February 7, 1920. Affirmed.

*J. J. Schenck,* and *J. S. Ensminger,* both of Topeka, for the
appellant.

*E. D. McKeever,* of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: On December 30, 1915, Mrs. Katherine White, while in the employ of the Berkson Brothers Cloak and Suit Company, was injured by falling against a door, her arm being badly cut by the breaking of a glass panel. She brought an action against the company and its manager, alleging that her injury was due to their negligence. A jury trial resulted in a verdict for the plaintiff. The trial court sustained a motion for a new trial upon the sole ground that there was no evidence of any actionable negligence on the part of the defendants. The plaintiff appeals.

A lavatory used by the employees of the company was situated in the basement under its salesroom. Access to it was gained by means of a wooden stairway in the alley back of the building, leading from a door in the rear of the salesroom (by means of several turns) to a position facing the door leading into the basement and substantially four feet from it. A wooden walk, supported by stringers resting on the ground, ran from the foot of the stairs to the stone forming the doorsill, the west face of which it met at a distance of from five to eight inches below the upper surface, forming a step of that height at the entrance to the door, some eighteen inches from it. Formerly this walk had been raised above the ground so that it was flush with the top of the stone, but in the course of repairs made about a month before the accident it had been lowered to the position stated.

1. The plaintiff at the time of her injury had descended the stairway and was about to enter the basement when she stumbled and fell forward. She threw up her left arm and it went through the glass of the door. Her principal contention is that the lowering of the walk already described had resulted in making the entrance unsafe, and its maintenance in that condition constituted negligence which occasioned her fall, by virtue of the existence of the step. The claim is not that the step was too high or too low, or that there was any defect in its construction, beyond the mere fact of its being there at all, but that its entire elimination was a duty imposed on the company by its obligation to exercise reasonable care for the safety of its employees. The walk, of course, might

White v. Cloak & Suit Co.

have been maintained at its former level, thus doing away with the step; and equally of course an approach which includes a step may be deemed less safe than one which is entirely level; and it is argued that whether or not ordinary prudence required the former construction to be maintained is a question upon which reasonable minds may differ and therefore a fair one to be submitted to the jury. If this is so, however, then it follows that whenever an employee in the course of his work is injured by stumbling over a step, the existence of which could have been avoided by the adoption of a different method of construction, a question of fact—one for the determination of a jury—arises as to the employer's liability. We do not regard the obligation to provide a safe place to work as extending that far. Unless there be something exceptional in the surroundings and conditions, we do not think that a liability for negligence can be founded merely upon the fact that employees are required to make use of a passageway or walk or entrance to a building which includes a step, notwithstanding it was practicable to have avoided it by employing a different construction. The employer is not bound to adopt any particular method. (3 Labatt's Master & Servant, 2d ed., § 931.)

The manner in which the case was disposed of makes immaterial for present purposes all questions save those relating to the negligence of the defendants, and the matter of the plaintiff's own conduct need not be considered. However, her testimony as to how the injury occurred serves to emphasize the fact already stated, that it was the existence of the step and not anything peculiar in its position or construction that caused her to stumble. A part of her cross-examination reads:

"Q. Well, was there anything defective in the doorstep? A. I don't know if you would call it a defect or not.

"Q. No; it was a solid stone doorstep, wasn't it? A. You know how it was, don't you?

"Q. No; I want you to answer my question? A. Solid stone.

.    .    .    .    .    .    .    .    .    .    .    .

"Q. Anything the matter with it? A. Not that I know of.

"Q. Nothing the matter with the walk? A. Not that I know of—a thing.

"Q. And there wasn't anything to keep you from seeing the stone step, was there?

.    .    .    .    .    .    .    .    .    .    .    .

"A. I failed to notice the walk.

"Q. You had to step down the first thing? A. Yes.

"Q. You knew there was a step down there? A. There?

"Q. Yes; when you stepped off of it? A. Yes.

"Q. You knew that you had to step off there; that had been lowered, and knew it as well as anybody? A. No; I wasn't looking at the walk.

. . . . . . . . . . . . .

"Q. You had good eyesight, didn't you? A. Yes.

"Q. And used that eyesight. Was there anything to prevent you seeing the condition of that walk and the condition of both those steps— the one at "X" [the foot of the stairway] and the one where the raise was, the step in front of the door? A. No.

"Q. Not a thing? A. No.

"Q. You could see it as well as anybody? A. I wasn't looking at it.

"Q. I know; but if you had used a little bit of care, why, you could have seen it as well as anybody? A. Yes."

2. As soon as the accident occurred a change was made in the walk by raising it to its old position on a level with the doorsill. The plaintiff urges that this in itself was competent evidence that the defendant had been negligent in suffering the existence of the step. The great weight of authority is against the admission of evidence that changes or repairs were made after the accident, for the purpose of showing negligence in permitting the former condition to exist. (1 Wigmore on Evidence, § 283; 2 Jones on Evidence, Horwitz ed., § 288; 20 R. C. L. 179, 180.) The rule allowing the admission of such evidence has been abandoned in nearly or quite all the jurisdictions outside of Kansas in which it was at one time recognized. (Note, 32 L. R. A., n. s., 1127, 1134.) Here, however, it remains in force. (*Howard v. Osage City*, 89 Kan. 205, 132 Pac. 187.) The admission of such evidence can hardly be harmful in itself, and in some situations it may be helpful, as aiding in the solution of an existing issue of fact. But where, as in this instance, there is otherwise no basis for submitting the question of the defendant's liability to the jury, the lacking ingredient cannot be thus supplied. The employer is not bound to adopt the safest possible construction, and if after an accident he sees fit to change a reasonably safe arrangement into a still safer one, he cannot merely by that act be subjected to a liability which would not otherwise exist.

3. There was evidence that several other employees had stumbled at the step, and this is likewise relied upon as a basis for sending the case to the jury. As in the matter just re-

White v. Cloak & Suit Co.

ferred to, the evidence would be entitled to consideration in a doubtful case—doubtful upon an issue of fact—but would not serve to create such an issue where none had before existed.

4. The plaintiff testified that she with other employees had been requested by the manager never to be off the floor of the salesroom longer than necessary. On the issue of contributory negligence this might have had some bearing as tending to explain any haste on her part, but clearly liability on the part of the defendants could not be founded upon it.

5. The plaintiff pleaded and appeared to place reliance upon a matter not heretofore referred to. The latch of the basement door was out of order and required somewhat careful manipulation to permit the opening of the door. The plaintiff testified that as she stumbled she reached the latch with her right hand and attempted to open the door, but the defect referred to caused it to remain closed. We agree with the trial court that no liability on the part of the defendants can be predicated upon the condition of the latch. It is true that if the door had opened the plaintiff might have fallen through the doorway instead of breaking the glass, but the latch was not designed as a protection against such a happening, nor could any such consequence have been reasonably anticipated as a result of its being out of repair.

6. The plaintiff had been employed by the company at various times. With the exception of a part of September, 1915, she had not worked for it since March in that year until three days before her injury. There was evidence that she had not been told of the change in the level of the walk, and was injured the first time she used it after her return. The jury, to a question as to what if anything there was to prevent the plaintiff from seeing and realizing the condition of the walk and step, replied: "Platform [walk] lowered plaintiff not being informed"—an answer showing that the plaintiff's ignorance of the alteration was uppermost in their thoughts. The trial court referred specifically to this feature of the case, saying that no recovery could be had on the ground that the defendants were negligent in failing to notify the plaintiff of the change, because such negligence was not pleaded. The soundness of this view does not appear to be challenged, and as no amendment was asked there seems no room to question it.

The order granting the motion for a new trial is affirmed.