Kelly v. Vucklich.

No. 23,353.

PEARL KELLY, as Administratrix of the Estate of ROE KELLY, Deceased, *Appellee*, v. MIKE VUCKLICH, *Appellant.*

SYLLABUS BY THE COURT.

1. WRONGFUL DEATH—*Negligent Driving of Automobile—Action for Damages—Statement of Counsel to Jury*. In an action for damages for wrongful death caused by one rapidly driving an automobile, it is not error for counsel for plaintiff to say, in the trial statement, that the driver of the automobile was racing with another automobile; that the occupants of the latter were shouting and waving their hands; and that one of them said something about the street being a speedway and said, "Look out for your lives."

2. SAME—*Evidence of Speed of Automobile—Competent Witnesses*. Any person of ordinary ability and means of observation may testify concerning the rate of speed at which an automobile was traveling when he saw it moving.

3. SAME—*Death of Seventeen-year-old Boy—Contributory Negligence—Question for Jury*. Under the evidence, it cannot be said, as a matter of law, that a seventeen-year-old, large, healthy, energetic boy who was driving pigs along a street in a city was guilty of contributory negligence by failing to get out of the way of a rapidly moving automobile by which he was struck and killed. The question of contributory negligence was for the jury.

4. SAME—*Negligent Driving of Automobile—Evidence*. There was evidence which tended to prove that the defendant was driving his automobile at a rate of speed which warranted the jury in finding that he was negligent.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 6, 1922. Affirmed.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellant.
*James L. Hogin,* and *Roy R. Hubbard,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover damages from the defendant for negligently killing Roe Kelly, the son of Pearl Kelly. Judgment was rendered for the plaintiff for $5,000, and the defendant appeals.

1. The first question presented arises on the trial statement of counsel for the plaintiff. The petition alleged that the defendant negligently drove his car at a very rapid rate of speed. Counsel for the plaintiff said:

"The evidence will show that about the time that this party stepped into Eighteenth Street that an automobile came down the street at a very high rate of speed, something in excess of 35 or 40 miles an hour, in which automobile were various persons, and as they passed this party they hollered and whooped and waved their hands. The evidence will show that at that time somebody made a remark about this Eighteenth Street speedway, look out for your lives. The evidence will show that this party that had been at lodge then crossed Eighteenth Street and proceeded south."

The following then occurred:

"Mr. Herrod: Just a minute. We move to strike out all the statements of counsel relative to that automobile, for the reason that it is prejudicial.

"Mr. Hubbard: I will show it is material, and show how.

"Mr. Herrod: There is no contention on the part of counsel that that was the automobile that killed this boy.

"Mr. Hubbard: Suppose it is shown that Mr. Vucklich was racing this car, wouldn't that be competent?

"Mr. Herrod: Certainly it would not. You have said this automobile has gone away from there.

"The Court: Overruled."

There was no evidence to show that the defendant was racing his car at the time he struck Roe Kelly, but there was evidence to show that he was then running thirty-five or forty miles an hour. Under the allegation of the petition, it would have been proper to have introduced evidence to prove every fact stated by counsel to the jury. It was not error for the court to permit counsel for the plaintiff to make the statement.

2. Complaint is made of evidence introduced by the plaintiff to show the rate of speed at which the car was traveling at the time of the accident. A witness testified that the car was traveling about thirty-five or forty miles an hour. He saw the car and testified that he could judge of the rate of speed. He was cross-examined concerning how he arrived at his conclusion. That cross-examination disclosed that the witness reached his conclusion in the same manner that any other person would by looking at a car traveling on the street. In *Miller v. Jenness*, 84 Kan. 608, 114 Pac. 1052, this court said:

"The rate of speed of an automobile on a public highway is a matter of which the people generally in this country have some knowledge. It is not a matter exclusively of expert knowledge or skill. Where the rate of speed of such a vehicle is material in an action, any person of ordinary ability and means of observation who may have observed the vehicle may give his estimate as to the rate of speed at which it was moving." (Syl.)

3. The third question presented concerns the contributory negligence of Roe Kelly. The evidence showed that he was a large, healthy, energetic, quick, bright boy, seventeen years old, and was driving some pigs along the street after dark at the time he was killed; that one of the pigs was killed at the same time; and that he could have seen the automobile; but, from the evidence, it may be inferred that he did not see it because his attention was directed to the pigs he was driving. He may have been guilty of contributory negligence, but the court cannot say, as a matter of law, that he was negligent. That question was submitted to the jury. There was no error in so doing.

4. The defendant contends that there was no evidence to prove negligence on his part. This contention is without foundation. There was evidence which tended to prove that he was driving his car thirty-five or forty miles an hour. That rate of speed on a street in a city was sufficient to warrant the jury in finding that he was negligent.

The judgment is affirmed.