No. 24,518.

JOHN W. HECK, *Appellee,* v. QUINDARO TOWNSHIP IN WYANDOTTE COUNTY, *Appellant,*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Defective Highway — Evidence—Repairs Immediately After Accident.* In an action for damages caused by a defective highway, it is not error to introduce evidence to prove that repairs were made immediately after the accident occurred.

2. SAME—*Additional Evidence Allowed After Demurrer is Filed.* It is not error to permit a plaintiff to reopen his case and introduce additional evidence after a demurrer to his evidence has been filed.

3. SAME—*Contributory Negligence—Question for Jury.* Contributory negligence is usually a question of fact for the determination of the jury, following, *Eidson v. Railway Co.,* 85 Kan. 329, 116 Pac. 485.

4. SAME—*Notice of Defective Highway to Township Trustee.* There was evidence sufficient to show that the township trustee had knowledge of the defective condition of the road, following *Joyce v. Quindaro Township,* 112 Kan. 513, 212 Pac. 68.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed June 9, 1923. Affirmed.

*Paul H. Ditzen,* of Kansas City, for the appellant.
*James M. Meek,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for damages for injuries to the plaintiff caused by a defect in a township road in that township.

The plaintiff was driving a spring wagon on the road, the wagon was upset in the road, and the plaintiff was injured. The accident was caused by a ditch in the road. The evidence showed that the township trustee had, more than ten days previous to the accident, been notified of the defect in the road and that after being notified and before the accident he and the overseer of the road district visited the road and examined it.

1. Evidence was introduced which tended to prove that after the accident the road was repaired by the officers of the defendant township. Complaint is made of the introduction of that evidence. It was competent. In *Howard v. Osage City,* 89 Kan. 205, 208, 132 Pac. 187, this court said:

"That repair immediately after an injury may be shown is the settled rule in this state."

A number of cases are there cited to support the rule. See, also, *Rogers v. Refining Co.,* 91 Kan. 351, 353, 137 Pac. 991; *Davis v. Railway Co.,* 104 Kan. 604, 610, 180 Pac. 195; *White v. Cloak & Suit Co.,* 106 Kan. 239, 242, 187 Pac. 670; *Juznik v. Railway Co.,* 109 Kan. 359, 366, 199 Pac. 90.

2. A demurrer to the plaintiff's evidence was filed. After argument thereon, the plaintiff introduced other evidence. The defendant complains of the introduction of that evidence. It was within the discretion of the trial court to permit that evidence to be introduced. (Civ. Code, § 285, Sub-div. 4; *Oberlander v. Confrey,* 38 Kan. 462, 17 Pac. 88; *Insurance Co. v. Thompson,* 43 Kan. 567, 571, 23 Pac. 608; and *Russell v. Watts,* 96 Kan. 275, 150 Pac. 600.)

3. The defendant in its answer alleged that the plaintiff, if he was injured, contributed to that injury by his negligence. There was some evidence from which the jury might have found that the plaintiff was guilty of contributory negligence; he was acquainted with the road; it was close to his place of residence; and he went on the road knowing its condition; but all that did not make him guilty of contributory negligence as a matter of law. It was for the jury to say from the evidence whether he was guilty of contributory negligence. The rules governing this subject were declared in *Eidson v. Railway Co.*, 85 Kan. 329, 116 Pac. 485, as follows:

"Contributory negligence is usually a question of fact for the determination of a jury.

"Contributory negligence is a matter of defense, and the burden of establishing it rests upon the party who asserts it and not upon the opposite party, in the first instance, to disprove it." (Syl.)

4. The defendant urges that the evidence failed to establish that the township trustee had five days' notice of the dangerous place where the plaintiff was injured. Two witnesses testified that in the latter part of July or the first of August, the township trustee was notified that the road was in bad shape, and there was testimony which tended to show that the township trustee and the road overseer went to the road and inspected it a week, or ten days after that notice had been given. The plaintiff was injured in September. There was sufficient evidence to show that the trustee had knowledge of the defective condition of the road. (*Joyce v. Quindaro Township*, 112 Kan. 513, 212 Pac. 68.)

The judgment is affirmed.