No. 28,986.

CHRISTINA LINDSLEY, *Appellant*, v. LLOYD BONAR, *Appellee*.

(283 Pac. 921.)

Opinion filed January 11, 1930.

*J. R. Hyland,* of Washington, for the appellant.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover damages for personal injuries sustained in an automobile collision. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The plaintiff says, "It is the contention of appellant that the only question involved in this case is whether the said appellant was guilty of such contributory negligence that would justify the trial court in submitting this issue to the jury." This question was raised on the trial by demurrer to the evidence of the defendant, by request for an instructed verdict in favor of the plaintiff on the question of negligence, and by instructions requested by her.

The plaintiff in her petition alleged negligence on the part of the defendant, who denied the allegations of the petition and pleaded

contributory negligence on the part of the plaintiff. There was evidence which tended to prove that the plaintiff was riding with her husband in an automobile going south on a public highway and approached the crossing of another highway running east and west; that the defendant was also going south on the same road behind the car in which the plaintiff was riding; that when the car in which the plaintiff was riding reached the crossing with the highway, her husband attempted to turn east onto the highway going east; that while the plaintiff's husband was so doing, the defendant ran his car into the car in which the plaintiff was riding, turned it over and severely injured the plaintiff; that both the plaintiff and her husband knew that a car was approaching from behind when the husband of the plaintiff attempted to turn east; that she did not pay much attention to her husband's driving; that the car in which the plaintiff was riding was at that time traveling at about five miles an hour; that the car driven by the defendant was traveling at about twenty-five to thirty miles an hour; and that the defendant, when he approached the car in which the plaintiff was riding, sounded his horn before he attempted to pass.

The plaintiff had the burden of proving that the defendant was negligent (*Jackson v. K. C. L. & S. K. Rld. Co.*, 31 Kan. 761, 3 Pac. 501; *Railroad Co. v. Tindall*, 57 Kan. 719, 48 Pac. 12; *Smelting Co. v. Allen*, 64 Kan. 70, 67 Pac. 436; *Lanyon v. Bell*, 64 Kan. 739, 68 Pac. 609; *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599), and the defendant had the burden of proving contributory negligence on the part of the plaintiff. (*St. L. & S. F. Rly. Co. v. Weaver*, 35 Kan. 412, 11 Pac. 408; *Railway Co. v. Peck*, 79 Kan. 413, 100 Pac. 54; *Eidson v. Railway Co.*, 85 Kan. 329, 116 Pac. 485; *Heck v. Quindaro Township*, 113 Kan. 647, 649, 216 Pac. 293; *Lilly v. Wichita Railroad & Light Co.*, 127 Kan. 527, 529, 274 Pac. 205.) Negligence and contributory negligence are ordinarily questions of fact to be determined by the jury. (*K. C., Ft. S. & G. Rld. Co. v. Owen*, 25 Kan. 419; *Buck v. Railway Co.*, 59 Kan. 328, 52 Pac. 866; *Crist v. Light Co.*, 72 Kan. 135, 83 Pac. 199; *Eidson v. Railway Co.*, 85 Kan. 329, 116 Pac. 485; *Kirby v. Railroad Co.*, 94 Kan. 485, 146 Pac. 1183; *Bowers v. Mildren*, 107 Kan. 584, 193 Pac. 318; *Insurance Co. v. Railroad Co.*, 110 Kan. 4, 202 Pac. 582; *Kelly v. Vucklich*, 111 Kan. 199, 206 Pac. 894; *Heck v. Quindaro Township*, 113 Kan. 647, 216 Pac. 293; *Spear v. City of Wichita*, 113 Kan. 686, 216 Pac. 305; *Tarter v. Missouri-K.-T. Rld. Co.*, 119 Kan. 365, 239 Pac. 754; and 45 C. J. 1153 and 1279.)

Under the evidence as it has been outlined, this court is unable to say that the defendant was not guilty of negligence, or that the plaintiff was not guilty of contributory negligence. It was proper for the court to submit both of these questions to the jury. That was done by the instructions.

The judgment is affirmed.

JOCHEMS, J., not participating.