# CENTRAL SURETY & INS. CORPORATION v. MURPHY.

### SAME v. PARKER et ux.
### SAME v. WOOD.
### Nos. 1763–1765.

Circuit Court of Appeals, Tenth Circuit.

April 3, 1939.

Cliff A. Matson, of Wichita, Kan., and R. O. Mason, of McPherson, Kan. (Irwin H. Stearns and E. P. Villepigue, both of Wichita, Kan., and James L. Galle, of McPherson, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

These are three separate suits to recover damages growing out of a collision of an automobile and a truck which took place at about 10:30 o'clock at night on a public highway in Kansas. Robert L. Harmison, Paul Parker, and Earl Wood, young men in their early twenties, were in the automobile. It crashed into the rear of a truck owned by R. D. Partridge and insured by Central Surety and Insurance Corporation. Harmison was killed instantly; Parker died a few hours later; and Wood suffered serious bodily injuries. The surviving widow of Harmison, a minor, by next friend, filed one suit; the surviving parents of Parker filed another; and Wood filed a third. Partridge and the insurance company were joined as defendants. Partridge was not served and did not appear. The insurance company answered and defended. The actions were consolidated for trial. A demurrer to the evidence made at the time plaintiffs rested their case in chief was overruled, and a motion for directed verdict submitted at the close of all the evidence was denied. The issues of negligence and contributory negligence were submitted to the jury. No exceptions were taken to the instructions. Separate verdicts were returned for plaintiffs; judgments were entered upon them; and the insurance company perfected separate appeals. The cases were brought here on a single record and were argued together.

It is contended that the court erred in refusing to direct a verdict for the insurance company for the reason that the evidence was not sufficient to warrant the submission to the jury of the issue of negligence in the operation of the truck. The petition in each case alleged that the truck was parked on the highway at night without any lights of any kind or character on the rear of it. The parking of a truck on the public highway in Kansas at night without lights constitutes negligence. Mc-Coy v. Pittsburg Boiler & Machine Co., 124 Kan. 414, 261 P. 30; Frakes v.

LaRue Royce, of Salina, Kan. (C. W. Burch, B. I. Litowich, L. E. Clevenger, E. S. Hampton, and R. E. Haggart, all of Salina, Kan., on the brief), for appellant.

Travelers Mut. Casualty Co., 148 Kan. 637, 84 P.2d 871. The sufficiency of the pleading to state a ·cause of action is not challenged. The question is whether there was substantial evidence tending to show that the truck was parked on the highway without any lights on the rear of it. The relevant evidence will be reviewed. Using the trade name Flying Quail Truck Service, Partridge was engaged in the business of hauling beer from breweries in Peoria, Illinois, to Hutchinson, Kansas. He owned two truck units, each consisting of a tractor and semi-trailer. On the night in question two of his employees were enroute from Peoria to Hutchinson with a load of beer. The truck and cargo weighed about 31,000 pounds. There were eleven red lights and two red reflectors at the rear of the trailer. A member of the state highway patrol engaged in checking the lights on all transports and semi-trailers at Lindsboro, examined the lights on the tractor and trailer at between 9 and 9:30 P. M. and found all of them lighted and in perfect order. The employee taking the wheel at McPherson examined the lights and found all of them burning. He drove until the accident occurred. It was raining. Both employees testified that on account of the rain and the fact that they were meeting two automobiles the truck was put in compound gear—its lowest gear; that they were moving at between five and eight miles per hour at the time the automobile crashed into the rear of the truck; that the truck was stopped immediately; that the lights on the trailer were examined; and that all of them were burning except one at the botton on the lefthand corner, which had been broken. A brother of Parker arrived at the scene of the accident about midnight. He found all of the lights on the rear of the trailer burning at that time except the one on the lower left corner. A few minutes later, the sheriff and the driver of an ambulance arrived together. When they came over a hill about half a mile away, they saw red lights burning on the back of the trailer. But Wood testified definitely and without qualification or equivocation that the truck was standing still and without any lights, reflectors, or flares, at the time. of the crash. There was further testimony that the spring leaves on the front of the automobile were driven into the center of the right tire of the dual set at the rear of the trailer on the left side; that it was a straight puncture and did not tear the tire; and that the springs were still sticking in the tire after the collision. The tire was exhibited to the jury but is not before this court. In addition, there was testimony that the oil spilled from the automobile covered a space in the highway of only fourteen to eighteen inches from east to west.

The court should direct a verdict where the evidence is without dispute, or is conflicting but of such conclusive nature that if a verdict were returned for one party the exercise of sound judicial discretion would require that it be set aside. A mere scintilla of evidence is not enough to justify the submission of an issue to the jury. Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597; Gunning v. Cooley, 281 U.S. 90, 49 S.Ct. 263, 73 L.Ed. 979; Rouse v. Burnham, 10 Cir., 51 F.2d 709; Murray Company v. Harrill, 10 Cir., 51 F.2d 883. But contradictions and conflicts of evidence are for the jury, and where the evidence and the inferences fairly deducible from it are such that reasonable minds may honestly draw different conclusions from them, the question is not one of law but of fact to be determined by the jury. Gunning v. Cooley, supra; Wirthlin v. Mutual Life Ins. Co., 10 Cir., 56 F.2d 137, 86 A.L.R. 138; Travelers' Ins. Co. v. Bancroft, 10 Cir., 65 F.2d 963; Missouri State Life Ins. Co. v. West, 10 Cir., 67 F.2d 468; Zumbrun v. City of Osawatomie, 130 Kan. 719, 288 P. 584.

The evidence was in conflict as to whether the truck was in motion with its lights on or was parked without being lighted. Reasonable minds could honestly reach different conclusions upon the question. While there was strong countervailing evidence, it cannot be said that the testimony of Wood and the physical facts which reasonably could be regarded as corroborating it were so insubstantial that they did not warrant the submission of the issue to the jury. Neither can it be said that the finding of the jury is not supported by substantial evidence.

It is further contended that plaintiffs cannot recover because of contributory negligence. The contributory negligence relied upon is that the automobile was being driven at such rate of speed that it could not be stopped in time to avoid a collision with. an obstruction discernible within the range of vision ahead. It may be appropriate to note in passing that

**120**

contributory negligence is a matter of affirmative defense in Kansas, and the burden rests upon a defendant who relies upon it to prove the fact. The burden does not shift to plaintiff. Heck v. Quindaro Township, 113 Kan. 647, 216 P. 293; Lilly v. Wichita R. & Light Co., 127 Kan. 527, 274 P. 205; Lindsley v. Bonar, 129 Kan. 441, 283 P. 921. But where the testimony of plaintiff discloses such contributory negligence as precludes recovery on his part, defendant may take advantage of it. Houdashelt v. State Highway Commission, 137 Kan. 485, 21 P.2d 343. Taking up the evidence pertinent to the question, Harmison, Parker, and Wood were employed by the same motor company in McPherson, Kansas; and they were experienced in the use of automobiles. Wood worked from 8 o'clock in the morning until six in the afternoon; Parker from 9 in the morning until 7 in the evening; and Harmison from 4 in the afternoon until closing time at night. When Harmison went to work on the day in question, he made arrangements for another employee to work in his stead that evening, stating that he had something planned to do. Parker owned the automobile involved in the accident. Harmison and Parker met Wood while driving around McPherson early in the evening. They stated that they were going to Hutchinson to sell a radio to a brother of Wood and asked him whether he desired to accompany them. He joined them and the three drove around the city for awhile. They went to an inn where Wood drank a bottle of beer. The evidence presented a conflict in respect to whether there was other drinking during the evening. They started for Hutchinson at about 10 o'clock. It was raining a little at the time. Parker was driving at the time of the accident; Harmison was sitting in the front seat beside him; and Wood was sitting in the rear seat with his elbows on the back of the front seat looking between the two and watching the road ahead. Wood testified that it was just sprinkling rain; that the lights on the automobile were dimmed as due to the condition of weather they could see better with them in that manner; that they could see from thirty to forty feet ahead; that they were traveling at about thirty miles per hour; that when the lights on an approaching automobile loomed up about a quarter of a mile ahead Parker slowed down to about fifteen miles per hour; that the lights on the approaching car did not blind Wood; that the auto-

mobile passed them at just about the moment of the collision; that a second automobile was approaching but was not near; that they suddenly saw the truck about thirty feet in front of them; and that Parker applied the brakes but was unable to stop in time and they crashed into it. The front of the automobile was wedged under the rear of the trailer, and the motor was jammed against Harmison in the front seat. One of the employees in charge of the truck testified that two automobiles were approaching them just before the accident; that the first passed three or four seconds before it occurred, and the second arrived just afterwards; and that the lights of the first blinded him and caused him to slow the truck. The other employee testified that the first approaching automobile had very bright lights; that on account of the rain and the oil mat the lights caused a blur; and that they were unable to see where they were going and therefore slowed their speed. He referred in his testimony to the driver of the approaching automobile disobeying the laws of the state by failing to dim his lights. There was testimony that Wood stated in the hospital the day following the accident that on account of the rain he and his companions could not see anything, and that they had been drinking; but Wood denied making such statements, and there was testimony by the attending physician and others that he was in an irrational condition for six days following his injuries. The Parker automobile was in perfect mechanical condition. One witness who qualified as an expert testified that he was familiar with the automobile; that with the bright lights lighted on a clear night objects could be seen and distinguished one hundred fifty feet ahead; that with the lights dimmed visibility would be good one hundred feet ahead; that the automobile traveling at thirty miles per hour on dry pavement could be stopped in thirty feet; that going at fifteen miles per hour it could be stopped in ten to fifteen feet; that traveling at thirty miles per hour on wet pavement it could be brought to a dead stop in forty or fifty feet; and that going at ten or fifteen miles per hour on wet pavement it could be stopped in approximately twenty feet—between twenty and thirty. Another expert testified that if the lights and brakes were in good working order an object the size of the truck in question without any lights upon it could be seen at from two hundred fifty

to three hundred feet ahead; that if the car was being driven at thirty miles per hour on a dry oil mat it could be stopped in forty-seven feet; that it would travel thirty-three during the reaction period; and that including the reaction period it would require eighty feet within which to bring it to a stop after discovering an object ahead. The truck was more than eleven feet in height, and almost eight feet in width; and the distance from the ground to the bottom of the apron on the back of the trailer was twenty-nine and one-half inches. The trailer was painted in alternating black and white diagonal stripes, but the whole back of it was muddy and the stripes were obscured by the mud.

The supreme court of Kansas has held repeatedly that it is negligence as a matter of law for a motorist to drive an automobile along the highway at such a speed that it cannot be stopped in time to avoid an obstruction discernible within the range of vision ahead. Fisher v. O'Brien, 99 Kan. 621, 162 P. 317, L.R.A.1917F, 610; Rhoades v. Atchison, T. & S. F. Ry. Co., 121 Kan. 324, 246 P. 994; Haines v. Carroll, 126 Kan. 408, 267 P. 986; Knox v. Board of Commissioners, 128 Kan. 22, 276 P. 84; Tuer v. Wayland, 129 Kan. 458, 283 P. 661; Chance v. Murray, 143 Kan. 476, 54 P.2d 981.

But that general rule does not preclude recovery in every case in which an automobile collides with another automobile or truck parked on the highway at night without lights. In Conwill v. Fairmount Creamery Co., 136 Kan. 861, 18 P.2d 193, plaintiff was driving eastward on the highway at night at a speed of thirty or thirty-five miles per hour. It was a misty night and the road was damp and slightly slippery. Defendant's large truck was standing without lights on the highway facing eastward at the entrance of a bridge. As plaintiff approached the point of the accident, he met an automobile, the lights of which prevented him from seeing clearly ahead. A second automobile came immediately behind the first, and its lights also obstructed his view ahead. Just as he passed the second car he saw the truck about twenty feet ahead of him. A third car was then approaching the bridge from the east which made it impossible for plaintiff to swerve to the left and miss the truck without danger of colliding with the third automobile, and the distance was too short within which to stop before colliding

with the truck. Plaintiff was traveling at about twenty-five miles per hour when the collision occurred. Laying stress upon the fact that the lights of the approaching automobile interfered with his vision ahead, the court held that the question of contributory negligence was for the jury. In Sponable v. Thomas, 139 Kan. 710, 33 P.2d 721, plaintiff and his wife were traveling on highway 73E at night. The lights and brakes on their automobile were in good condition. It had been misting, raining, sleeting, and snowing at times; and it was snowing at the time of the accident. Just before highway 58 reaches highway 73E it divides so that a portion goes straight east to 73E and a portion curves to the north and meets 73E about two hundred feet north of the rectangular intersection. As they approached the intersection, plaintiff observed an automobile coming toward them on highway 58; and as they approached the northern intersection traveling at about fifteen miles per hour he saw an unlighted truck standing on the highway ten or twelve feet in front of them. The brakes were applied but the car could not stop in time to avoid the collision. The front of the automobile went under the rear of the truck. The wife of plaintiff was pinned in the front seat and he was otherwise injured. The court said that in proceeding along the highway plaintiff had a right to believe that there were no hidden or undisclosed defects such as an unlighted truck standing in the path of travel, and that had the truck been painted some contrasting color or had the body of it been low enough to be within the range of the headlights of plaintiff's automobile a different situation might be presented, and held that the question of contributory negligence was for the jury and sustained a judgment for plaintiff. In Watson v. Travelers Mut. Casualty Co., 146 Kan. 716, 73 P.2d 64, defendant stopped a heavily loaded truck on the highway at night. Its headlights and dimmers were turned off. The front clearance lights and left rear clearance light were burning, but there was no reflector on the rear. The one rear clearance light was attached in front of a two inch brace on the body of the truck so that it could not be readily seen by one approaching from the rear. The body of the truck was about four feet above the ground and was painted a dull red color, not easily distinguishable from the pavement in the night. The lights on the automobile driven by the deceased cast

a beam three hundred fifty feet ahead; on the gentle rise of the terrain the rear of the truck would have been visible within such beam at two hundred feet ahead; and the automobile could have been stopped within one hundred eight feet if traveling at sixty miles per hour and in a less distance if traveling at a lower speed. The automobile crashed into the rear of the truck and the deceased was killed instantly. Citing Sponable v. Thomas, supra, and other cases, the court said that the question of contributory negligence was for the jury, and a judgment for plaintiff was upheld. In Long v. American Employers' Ins. Co., 148 Kan. 520, 83 P.2d 674, plaintiff was driving a truck and semi-trailer at 3:30 o'clock in the morning. It was in good mechanical condition with lights strong enough to make objects visible three hundred feet ahead, and its brakes were such that when traveling at thirty miles per hour it could be stopped in sixty or eighty feet. An oil transport owned by Kent Oil Company was stopped about one hundred feet east of the crest of a rise in the highway for the purpose of ascertaining whether the fan belt was out of order. The tank was painted aluminum, with the word "Dixie" and the name of the oil company printed on the rear end in large black letters. The rear bumper and the bottom of the tank were about two and one-half or three feet above the pavement. The jury found that at the time of the accident, the transport had no lights on it, but did have reflectors at the rear corners. Plaintiff drove over the hill or rise at about thirty miles per hour and started down the slope toward the standing transport. A truck with bright lights was approaching him. He saw the standing oil transport when he was within thirty or forty feet of it. He turned to the left in an effort to pass it, but the semi-trailer collided with the corner of the transport. Emphasizing the effect of the lights on the approaching truck and the effect of the dull color of the oil transport which differed little from the color of the cement pavement, the court held that the question of contributory negligence was for the jury and affirmed a judgment for plaintiff. And in Frakes v. Travelers Mut. Casualty

Co., supra, the collision occurred at night at an intersection where the corners had been rounded. A truck was stopped without lights. The driver of the car in which plaintiff was riding could see about one hundred feet straight ahead, and at the speed at which the car was traveling it could be stopped within twenty-five feet. There was a bank on the inside of the curve about four or five feet in height which interfered with a driver of a car seeing around the curve. The court cited Sponable v. Thomas, supra, and other cases, and held that under those circumstances the question of contributory negligence was one for the jury.

Here an automobile was approaching and passed just about the moment of the crash. Wood testified that its lights did not blind him, but the employees in charge of the truck each testified that they were very bright and blinded them to the extent that they could not see where they were going and for that reason they reduced their speed. And while the rear of the truck was painted in alternating black and white diagonal stripes, the entire rear was muddy and the mud obscured the stripes. These facts and circumstances were such that the jury might reasonably conclude that the lights of the approaching automobile interfered with the vision of Parker, and that the muddy condition of the truck made it much less contrasting with the oiled pavement and therefore measurably more difficult to see ahead. On the whole case it cannot be said that these two facts did not have substantial bearing upon the failure of Parker to see the standing truck in time to stop before colliding with it. The question of contributory negligence was for the jury. It was fairly submitted and the jury resolved it in favor of plaintiffs.

The conclusion reached on the questions of negligence and contributory negligence eliminates need to consider the contentions addressed to the questions of joint enterprise and the duty of passengers in an automobile to protect their own safety as far as is practicable.

The judgments are severally affirmed.