BLANCA JOSEFINA PANIAGUA ET AL., Plaintiffs and Appellees, *v.* TRANSPORTATION AUTHORITY OF PUERTO RICO ET AL., Defendants and Appellants.

No. 9695. Argued June 2, 1948.—Decided July 9, 1948.

*R. Rodríguez Lebrón* for appellants. *Wilson P. Colberg* for appellees.

*Per Curiam:* After a careful consideration of the evidence introduced in this case, a majority of the Court is of the

opinion that the findings of fact of the lower court are supported by the evidence; that, under the surrounding circumstances in which the accident in this case occurred, the plaintiffs were not guilty of contributory negligence as a proximate cause thereof; that the sums awarded as compensation for the injuries suffered by the plaintiffs are not excessive; that the court did not abuse its discretion in adjudging the defendants to pay attorney's fees; and, therefore that the judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.

MR. JUSTICE SNYDER, dissenting.

On February 1, 1947 at approximately 8 p.m. Josefina Berríos Girona, one of the plaintiffs, was driving her automobile from San Juan to Río Piedras and was accompanied by Blanca Josefina Paniagua, the other plaintiff, as a passenger. The automobile struck a bus of the Transportation Authority which was parked without any lights at Stop 27 of the Hato Rey ward.

The plaintiffs sued the Transportation Authority and Hartford Accident and Indemnity Co. for damages. After a trial on the merits, the district court entered judgment for Mrs. Berríos of $462.55 for damages to her automobile and $500 for physical injuries. Judgment was rendered for Mrs. Paniagua of $150 cash, $25 for a pocketbook and $25 for a fountain pen lost at the scene of the accident, and $1,000 for physical injuries.

On appeal, the defendants assign as error the ruling of the district court that (1) the lack of lights on the rear of the bus was the proximate cause of the accident and (2) that the plaintiffs were not guilty of contributory negligence.

I accept the findings of fact of the lower court (1) that the accident occurred at night, while it was raining hard and a strong wind was blowing; (2) that Mrs. Berríos was driving on the right hand side at a moderate speed with her lights on; (3) that the bus was parked obliquely toward the right with the rear projecting toward the center of the

highway; and (4) that the rear light of the bus was not turned on. And I agree with its conclusion of law that in failing to provide a rear light after sunset for its bus, in violation of § 12 (g), Act No. 279, Laws of Puerto Rico, 1946, the Authority committed an act of negligence *per se*. But acceptance of these facts and the conclusion of the law does not answer the question of whether Mrs. Berríos was guilty of contributory negligence.

On this last question, the district court made the following comment: "In the instant case there was no warning within the limited scope of visibility of the headlights of the car of the plaintiffs of the danger confronting them. The testimony showed that the first warning was the impact with the parked bus." The lower court concluded that negligence may not be imputed to a driver "who does not see an unknown danger until the very moment of the impact which has not given him time to take the reasonable precautions which a person would take under such circumstances. To decide the contrary would be to stimulate and to reward the violation of law and to endanger the lives of the persons who use the public highways."

My difficulty is not with the general statements of law contained in these quotations. Rather I cannot agree with the finding that "there was no warning within the limited scope of visibility of the headlights of the car of the plaintiffs of the danger confronting them." The only testimony in the record on this point, that of Mrs. Berríos, was to the contrary.

Mrs. Berríos testified that her headlights and brakes had been recently repaired and were in excellent condition; that she had two windshield wipers which were working perfectly and were cleaning the windshield well; that she was only driving 15 miles an hour because it was raining; that from Stop 25 on it rained harder and she began to see not as well; that from that time on she could only see 30 feet ahead of her. She then testified as follows: "Q: Did you see any vehi-

,cle parked on the road?  A: I saw nothing.  Q: Did you see from where you were 30 feet in front of you?  A: Yes, I saw that, more or less.  Q: From here to the rail?  A:Yes, sir. Q: And you saw nothing?  A: Nothing.  Q: In spite of your strong lights?  A: The rain did not let me see; I saw nothing at that moment.  Q: You became aware when you struck? A: Yes, I saw a green mountain in front of me.  Q: When? A: After I struck.  I saw nothing in front of me at that moment."

The testimony shows that the bus broke down twenty-five minutes prior to the accident; that none of its lights, including the rear lights, were functioning; that an employee telephoned the offices of the Authority to send a service car; and that while the chauffeur was awaiting the arrival of the .service car, a number of cars travelling in both directions passed the bus without any difficulty whatsoever.

Although the facts were different, some of our language in *Pérez* v. *Santiago*, 56 P.R.R. 732, is pertinent here.  We said at pp. 736-7: "A motor car is a dangerous contrivance if its operator does not constantly keep it under control so as to stop or swerve the same to avoid causing damage.  . . . If [plaintiff Berríos] had shown the degree of diligence expected of a reasonable man under the circumstances the accident would have been avoided, as it was undoubtedly avoided by the [dozens] of motor vehicles of every kind which . . . passed on either direction by the spot where the [bus] was parked."

Mrs. Berríos testified that at the time of the accident her strong lights were on, that they were in perfect condition and that her visibility was more or less thirty feet.  In view of these facts, she would have inevitably seen the parked bus 30 feet ahead of her, *if she had been looking*.  And once she saw the car, 30 feet was an ample distance within which either to stop a car with perfect brakes travelling less than 15 miles an hour, or to avoid striking the bus by passing it on the left side of this broad highway.  If she could see 30

feet ahead, she should have seen the bus, as dozens of cars which preceded her saw it. On the other hand, if she had no visibility whatsoever because of the wind and rain, she continued driving at her peril. Under either alternative, Mrs. Berríos' own testimony demonstrates that the accident occurred as the result of the negligence of both the Authority and Mrs. Berríos.

My conclusion is in accord with Restatement, Torts, Vol. II, § 474, Comment (b), p. 1248, reading in part as follows: "A condition unlawfully created in the highway which makes the travel thereon unreasonably dangerous is a public nuisance since it endangers the exercise of the public privilege· of travel thereon. Nevertheless, the plaintiff must not only exercise reasonable care to avoid dangers which are obvious or of which he has knowledge, but he must be alert to discover the actual condition of the roadway. . . . Therefore,. if the plaintiff would have observed the dangerous condition in time to avoid it, had he been paying that attention,. which, in view of the normal risks of travel, a traveler should have paid, his contributory negligence in failing to· exercise such reasonable vigilance is a bar to his recovery." And see 2 Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Ed., §§ 1203, 1224, 1226, 1227; *Mickens* v. *F. Strauss & Son.* 28 So. 2d 84 (La., 1946); *Divita* v. *Atlantic Trucking Co.*, 40 S.E. 2d 324 (W. Va., 1946); *Shell Oil Co.* v. *Slade*, 133 F. 2d 518 (C.C.A. 5th, 1943); *Central Surety & Ins. Corporation* v. *Murphy*, 103 F. 2d 117 (C.C.A. 10th, 1939); *Mason* v. *Lewis Lavine*, 153 A. 754 (Pa., 1931); *Kormos* v. *Cleveland Retail Credit Men's Co.*, 3 N.E. 2d 427 (Ohio, 1936); *Goodwin* v. *Theriot*, 165 So. 342 (La., 1936); *Russell* v. *Szczawinski*, 255 N.W. 731 (Mich., 1934); 23 Calif. L.Rev. 498.

At first blush, it might seem that I have laid down a rule under which a plaintiff driving an automobile may never· recover when he collides with a parked car. But, as the cases point out, the rule is by no means inflexible. "In no juris-·

diction . . . is it applied without qualifications. The motorist is not required at his peril immediately to discover every sort of obstruction which may be in his path. The obstruction may be so insubstantial in character or it may so blend with its background that it becomes a question for the jury whether an ordinary prudent man would have seen it in time to avoid a collision. Furthermore, a case for the jury is made out if it is shown that the obstruction was so placed as not to be within the normal radius of the headlights, or that it was encountered immediately beyond the crest of a hill or on turning into another lane on the highway.[1] Finally, it may be shown that the motorist did not see the obstruction in time because his attention was excusably diverted for a moment from the road in front." 23 Calif.L.Rev. 498, 499. However, as already indicated, the undisputed facts and circumstances of this case require application of the rule and a holding that Mrs. Berríos, the driver of the automobile, was guilty of contributory negligence as a matter of law. Mrs. Berríos therefore cannot recover for her injuries and for the damage done to her automobile.

The question remains as to the liability of the defendants to Mrs. Paniagua, the passenger in the car of Mrs. Berríos. There is no possible basis for holding that the contributory negligence of Mrs. Berríos must be imputed to her. She was under no duty to warn Mrs. Berríos of a danger which she had no way of anticipating. From her point of view, the facts herein occurred too suddenly to hold that she was required to take any action to avoid the contention that she was also guilty of contributory negligence.

The net effect is that so far as Mrs. Paniagua was concerned, the accident occurred due to the combined negligence of the Authority and Mrs. Berríos. The rule in such a case is that if *A* commits the original act of negligence, *A* is responsible to the plaintiff for the entire amount of the damages resulting from the combined negligence of *A* and

---

[1] See *Félix* v. *San Miguel, etc.,* 64 P.R.R. 396, 401.

*B*, unless *A* could not have reasonably foreseen the intervening negligent act of *B*. Restatement, Torts, Vol. II, § 447; Prosser on Torts, pp. 352–373; Eldredge, Culpable Intervention as Superseding Cause, 86 U.Pa.L.Rev. 121; Bohlen and Harper, Torts, § 123, pp. 274–5; 42 Mich. L.Rev. 709; *Rodríguez* v. *Arbona*, 68 P.R.R. 661; *González* v. *White Star Bus Line, Inc.*, 53 P.R.R. 628, 635; *Cubano* v. *Jiménez et al.*, 32 P.R.R. 155; *Cruz et al.* v. *Frau*, 31 P.R.R. 87. See *Matos* v. *Pabón*, 63 P.R.R. 855. Here the Authority, which negligently left its parked bus on a public highway at night without a rear light, should have reasonably foreseen that an automobile might negligently collide with it. Prosser, *supra*, p. 356, footnotes 29 and 30. Under those circumstances, Mrs. Berríos is not entitled to recover because of her contributory negligence; but the Authority is liable to Mrs. Paniagua, who committed no act of negligence, for the entire damages she suffered as a result of the collision. Torts, Restatement, Vol. II, § 447, Comment (*h*) on Clause (*c*), p. 1199.[2]

The second error relates to the damages of $500 and $1,000 awarded to Mrs. Berríos and Mrs. Paniagua, respectively, for their physical injuries. As I have already indicated that Mrs. Berríos should receive no damages, the issue as to her would become academic. And I find no basis for interfering with the discretion of the lower court in granting Mrs. Paniagua damages of $1,000.

In the third error the appellants complain of the award of $300 attorney's fees. In view of my proposal to modify the judgment, I would reduce this to $150.

I would modify the judgment of the district court to provide for dismissal of the claim of Mrs. Berríos and reduction of the award of attorney's fees to $150. As thus modified, I would affirm the judgment.

[2] The Authority might perhaps contend that it is entitled to contribution from Mrs. Berríos as a joint tortfeasor. See *Matos* v. *Pabón, supra*, 866, footnote 10; 54 Harv.L.Rev. 1156–89. But that question is not raised by the pleadings and I make no comment thereon.